WILLIAM BEARD

*v.*

R. C. MAXWELL, Admr.

*Filed at Springfield March 30, 1885.*

1. APPEAL—*reviewing facts—and for what purpose.* In an action to recover damages arising from negligence, this court is precluded from investigating controverted questions of fact from the evidence. It can look into the evidence only for the purpose of enabling it to pass upon the propriety of the instructions given, refused or modified.

2. ERROR WILL NOT ALWAYS REVERSE—*refusing instructions.* Where this court is able to see that substantial justice has been done, and that an error in the giving or refusing of an instruction could not have changed the result, such error will not require a reversal, especially when it is apparent that the same result would follow on a new trial.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Logan county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Mr. A. G. JONES, and Messrs. BLINN & HOBLITT, for the appellant.

Messrs. BEACH & HODNETT, and Mr. S. L. WALLACE, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Some time in May, 1882, H. G. C. Miller, appellee's intestate, entered the service of William Beard, the appellant, to work as a hand in sinking a coal shaft. About the middle of December, following, while Miller was being hoisted to the top of the shaft, the machinery used for that purpose got out of order, whereby his ascent was suddenly arrested. Upon this happening, he was directed by some of the operatives at the top of the shaft, to catch hold of the bunting or partition

that extends up and down the shaft, dividing it into two compartments. While in the act of doing this, and while one of his feet was still in the tub or bucket in which he was being drawn up, the machinery suddenly started again, whereby he was thrown to the bottom of the shaft, a distance of some two hundred and fifty feet or more, causing his death. The present action was brought by appellee, as administrator of Miller, against Beard, as master and proprietor of the machinery and shaft in question, to recover damages on account of Miller's death thus occasioned.

The declaration charges the defendant with negligence in providing defective and unsafe machinery, including an old, worn-out engine, whereby appellee's intestate lost his life. Other acts of negligence are charged, but in the view we take of the case they do not require special notice. The various charges of negligence in the declaration were formally traversed by the defendant's plea of not guilty. The cause was heard before the Logan county circuit court, resulting in a judgment in favor of the plaintiff for $1500, which was affirmed by the Appellate Court for the Third District, and the present appeal brings before us for review the judgment of the latter court.

Although the record and abstracts in this case are very voluminous, and the briefs of counsel take a somewhat extended range, yet the case itself, so far as this court is concerned, is confined within very narrow limits. While much of appellant's brief is occupied with a discussion of the facts and the force and effect of the testimony, yet that is a matter (as we have too often had occasion to say) with which we have no concern, except so far as it may have a bearing on the rulings of the court in the giving, refusing or modification of instructions. The only questions arising upon this record which this court has any power or jurisdiction to consider, are presented by the instructions given to the jury on behalf of appellee.

In considering an instruction, this court may look at the evidence for two purposes: First, to determine whether it announces a correct proposition of law as applicable to the facts in the case; and second, assuming it does not, the court will then look at the evidence to determine whether the jury may have been misled, or the party against whom it was given may have been otherwise prejudiced by it. If, after having thus considered it, this court is of opinion that substantial justice has been done, and that the instruction, though erroneous, could not, under the circumstances, have affected the result, it will not reverse for that reason. The same rule will apply to a refused instruction which should have been given. In such case, if this court, upon looking at the evidence, is able to say the giving of the instruction could not have changed the result, it will not reverse for that reason, especially if the conclusion reached is clearly warranted by the evidence, and another trial would probably result the same way.

Numerous objections are urged by appellant to the instructions given in this case on behalf of appellee, some of which we regard as wholly without merit, while others are not altogether without foundation. Viewing the instructions, however, as a whole, we think they are substantially correct, and considering them in the light of the evidence, we are satisfied the slight departures in some of them from technical accuracy could not have made any difference in the result, and therefore, under the rule stated, afforded no ground for a reversal.

Perceiving no substantial error in the record, the judgment will be affirmed.

*Judgment affirmed.*