## Dueber Watch Case Manufacturing Company v. Max Young.

1. ERROR—*In Instructions, When Not Material.*—When the evidence will not warrant a verdict for a party, an error in the instructions is not material.

2. INSOLVENT DEBTORS—*Payment of Debt Before Maturity.*—An insolvent debtor, abandoning hope, may pay one creditor whether his debt has matured or not, and be guilty of no fraud, though the effect be that nothing is left for others.

Memorandum.—Attachment for debt. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed June 4, 1894.

FLOWER, SMITH & MUSGRAVE, attorneys for appellant.

APPELLEE'S BRIEF, MONK & ELLIOTT, ATTORNEYS.

The giving of erroneous instructions, or the refusal to give proper instructions, will not justify a reversal when it clearly

appears that substantial justice has been done, and that another trial ought to lead to the same result. Hughitt v. Jones, 72 Ill. 218; Beard v. Maxwell, 113 Ill. 440; Miller v. Administrator, 29 Ala. 174; Greenup v. Stoker, 3 Gilm. 202; Greene v. Greene, 145 Ill. 264.

A debtor has the right to pay or secure a *bona fide* indebtedness to a creditor, although such act may operate to prefer him over others of his creditors. Such preferences are not fraudulent in fact or in law. An attachment can not be based upon the transfer, either intended or accomplished, by a debtor of his property to pay or secure honest debts, though such transfers cut off, and are intended to cut off, the redress of all others. Morrison v. Tillson, 81 Ill. 607; Francis v. Rankin, 84 Ill. 169; Tomlinson v. Matthews, 98 Ill. 179; Goembel v. Arnett, 133 Ill. 352; Hanchett v. Kimbark, 118 Ill. 121; Shroeder v. Walsh, 120 Ill. 403.

SMOOT & EYER, attorneys for the assignee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant sued out an attachment against the appellee, upon the allegation in the affidavit that the appellee was " about fraudulently to conceal, assign or otherwise dispose of his property or effects, so as to hinder or delay his creditors."

We shall not attempt to justify the instructions to the jury on behalf of the appellee, but hold that the evidence would not have warranted a verdict for the appellant, and therefore error in the instructions is not material. Beard v. Maxwell, 113 Ill. 440; Fritz v. Fritz, 36 Ill. App. 31.

An insolvent debtor, abandoning hope, may pay some creditors whether the debts have matured or not, though the effect be that nothing is left for others, and be guilty of no fraud. Ill. Paper Co. v. N. W. Nat. Bk., 149 Ill. 450.

A curious question might have been raised on the trial. After the attachment was levied Young made an assignment for the benefit of creditors. The assignee interpleaded in this suit, claiming the goods attached. The appellant put in

evidence what the appellee said in an examination before the County Court in the insolvency proceedings. As against himself his declarations, whether under oath or not, were admissible, but as against his assignee, his declarations, after the assignment, were not admissible.

Now if the attachment levied before the assignment were sustained by his declarations made after the assignment, what title would the assignee have? The judgment is affirmed.