## Albert Guminski, Plaintiff in Error, v. Armour & Company, Defendant in Error.

### Gen. No. 15,245.

1. VERDICTS—*when not disturbed.* To the jury belongs the task of harmonizing by their verdict conflicts in the evidence, and when they have done so and the result reached by them finds warrant in the proofs and is not manifestly contrary to its weight, the Appellate Court is not permitted to disturb it.

2. INSTRUCTIONS—*when inaccuracies will not reverse.* Inaccurate instructions will not reverse if upon a consideration of all the instructions given to the jury the court is convinced that they were sufficiently well and correctly instructed upon all the important and essential principles of law pertinent to be applied in giving force and effect to the evidence and therefrom to arrive at a just verdict.

Action in case for personal injuries. Error to the Circuit Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed July 14, 1910.

JOHNSON, BELASCO & McCABE, for plaintiff in error.

A. R. URION and A. F. REICHMANN, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action on the case by the servant against the master for personal injuries resulting from the alleged failure of the master to furnish a safe place for the servant to do his work.

The specific negligence charged in the declaration is that certain bags containing bone dust were carelessly, improperly and defectively piled by defendant, so that while plaintiff was engaged in taking sacks from the pile and "trucking them" the pile fell upon him and injured him. Meeting this charge defendant insists that the bags were properly piled and that they were caused to fall through the negli-

gence of plaintiff and his co-worker in pulling out bags from underneath the pile, which caused the pile to overbalance and fall.

The trial resulted in a verdict for defendant, upon which, after overruling a motion for a new trial, judgment was entered.

This judgment is sought to be reversed because, it is insisted, the verdict is contrary to the preponderating force of the evidence, and the court erroneously gave certain instructions to the jury at the instance of defendant.

Counsel contend that plaintiff at the time of the accident was not working at his usual and customary employment, and that he knew little, if anything, about the dangers to be encountered in "trucking" the bags from the pile and was not warned of any danger from the falling of the pile. The evidence demonstrates, without contradiction, that plaintiff was employed by defendant as a laborer and as such worked for it for more than a year prior to the accident; that plaintiff was doing laborer's work at the time of the accident and had been similarly engaged several times previously; that while it is true he more often worked in the "tankage room" than in the the "Oklahoma room," where the bags were piled and which he was engaged in removing at the time he was injured, yet it is clear that working as well in one place as the other was within the scope of his employment, and that in "trucking bags" he was engaged in doing the work falling to a laborer just as much as when laboring in the "tankage room." Taking down the bags from the pile did not call for the exercise of any particular skill, and if there were any dangers of the character urged in argument, they were equally as open and obvious to the servant as the master. The work on such piles of bags was no new employment to plaintiff. A careful reading of all the evidence convinces us that the jury were undoubtedly impressed, from a careful analysis of the evidence, that the cause of plaintiff's injuries was not the defective piling of the bags, but the unskillful, not to say reckless, method adopted by plaintiff and his co-laborer in taking the bags out from underneath the pile, which

necessitated pulling and tugging which would necessarily have the effect of jarring the whole pile, and in that way, by taking away some of the lateral support to the remaining bags, caused them to fall and injure plaintiff.   Such is the impression the evidence makes upon our minds, and it leads us to conclude that the accident was caused, not by the negligence charged against defendant, but through the lack of due care on the part of plaintiff and his working mate in pulling bags out from underneath and causing the pile to fall over.   To the jury belongs the task of harmonizing by their verdict conflicts in the evidence, and when they have done so and the result reached by them finds warrant in the proofs and is not manifestly contrary to its weight, we are not permitted to disturb it.

There are confessedly some inaccuracies in the instructions complained about by plaintiff, but a careful perusal and weighing of all the instructions given both at the instance of plaintiff and defendant, and considering them as a series and not each instruction separately, we are convinced that the jury were sufficiently well and correctly instructed upon all the important and essential principles of law pertinent to be applied in giving force and effect to the evidence, and therefrom to arrive at a just verdict.   Taking the case as a whole there is nothing in the instructions complained of which tended to injuriously affect or prejudice any right of plaintiff under the law.

The reasoning of the court in Beard v. Maxwell, 113 Ill. 440, appears to be peculiarly pertinent to the condition of the instructions criticized.   The court say: "In considering an instruction, this court may look at the evidence for two purposes; first, to determine whether it announces a correct proposition of law as applicable to the facts in the case; and, second, assuming it does not, the court will then look at the evidence to determine whether the jury may have been misled, or the party against whom it was given may have been otherwise prejudiced by it.   If, after having thus considered it, this court is of opinion that substantial justice has been done, and that the instruction, though erron-

eous, could not, under the circumstances, have affected the result, it will not reverse for that reason. The same rule will apply to a refused instruction which should have been given. In such case, if this court, upon looking at the evidence, is able to say the giving of the instruction could not have changed the result, it will not reverse for that reason; especially if the conclusion reached is clearly warranted by the evidence, and another trial would probably result the same way."

The verdict and judgment does justice between the parties under the law and the facts. The inaccuracies complained of had no prejudicial effect on the case of plaintiff, for the evidence in the record does not justify a recovery.

The judgment of the Circuit Court is affirmed.

*Affirmed.*