**A. H. Clark for use of Tuscola Benefit and Building Association, Appellee, v. National Union Fire Insurance Company of Pittsburg, Pennsylvania, Appellant.**

1. RES ADJUDICATA—*when doctrine applicable*. Where on a second appeal the facts as to the assignment of an insurance policy are substantially the same, the former opinion is *res adjudicata* as to such question.

2. INSTRUCTIONS—*when not misleading*. Where alleged agents of an insurance company consent to an assignment of a policy on sale of the property insured, an instruction that the company is bound by the consent to the assignment unless the plaintiff had actual notice of the revocation of the agency is not misleading where an instruction for the defendant fully explains what is meant by and what constitutes actual notice.

Action on a policy of insurance. Appeal from the City Court of Mattoon; the Hon. JOHN MCNUTT, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

JAMES VAUSE, JR., for appellant.

F. N. HENLEY and CLARENCE W. HUGHES, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiff for the use of the Tuscola Benefit and Building Association, upon a policy of insurance issued by defendant to Charles E. Collins and Robert Goar, as Collins and Goar, on certain property located in Mattoon, Illinois; the policy was issued by and through McCulloch and Hampson, agents of defendant, on the eighteenth day of March, 1905, for a term of three years. After the issuance of this policy, Collins and Goar executed a mortgage on these premises to the usee, the Tuscola Benefit and Building Association, which will hereafter be desig-

nated as the plaintiff. McCulloch and Hampson attached to this policy the following mortgagee clause:

"MORTGAGEE CLAUSE.

"Loss, if any, payable to THE TUSCOLA BENEFIT AND BUILDING ASSOCIATION OF TUSCOLA, ILLINOIS, Mortgagee as hereinafter provided:

"It being hereby understood and agreed, That this insurance as to the interest of the Mortgagee only therein, shall not be invalidated by any act or neglect of the Mortgagor or owner of the property insured, * * * PROVIDED, also, that the Mortgagee shall notify this company of any change of ownership or increase of hazard which shall come to his or their knowledge, and shall have permission for such change of ownership or increase of hazard duly endorsed on this policy. * * * IT IS FURTHER AGREED, That in case of any other insurance upon the property hereby insured, then this Company, shall not be liable under this Policy for a greater proportion of any loss sustained than the sum hereby insured bears to the whole amount of insurance on said property, issued or held by any party or parties having an insurable interest therein. IT IS ALSO AGREED, That whenever this Company shall pay the Mortgagee any sum for loss under this policy and shall claim that as to the Mortgagor or owner, no liability therefor existed, it shall at once and to the extent of such payment, be legally subrogated to all the rights of the party to whom such payment shall be made, under any and all securities held by such party for the payment of said debt. But subrogation shall be in subordination to the claim of said party for the balance of the debt so secured. Or said Company, at its option, may pay the said Mortgagee the whole debt so secured, with all the interest which may have accrued thereon to the date of such payment, and shall thereupon receive from the party to whom such payment shall be made, an assignment and transfer of said debt, with all securities held by such parties for the payment therefor.

"McCULLOCH & HAMPSON, Agent."

There is no date upon this mortgagee clause; the law,

therefore, presumes it was attached at the time of the execution of the mortgage.

After the execution of this mortgage, Collins and Goar sold and conveyed the property to A. H. Clark, and on March 6, 1907, after the execution of this deed, the interest of Collins and Goar in this policy was assigned to A. H. Clark by endorsement thereon, and on March 6, 1907, McCulloch and Hampson, the agents who issued this policy for defendant, signed the following consent to such transfer:

"The National Union Fire Insurance Company hereby consents that the interest of Collins and Goar as owner of the property covered by this policy be assigned to A. H. Clark.

"McCulloch & Hampson."

After the conveyance of the premises and the assignment of this policy to A. H. Clark, A. H. Clark executed a new mortgage to plaintiff for the same amount and upon the same premises, and the old mortgage was released of record. This new mortgage did not constitute payment or satisfaction of the old mortgage, but was a renewal thereof. Some time after the transfer of this property to Clark and the execution of the mortgage by him to the plaintiff, the property was destroyed by fire. Plaintiff demanded payment of the loss under the mortgagee clause attached to its policy; all liability was denied and payment refused by defendant on the ground that there had been a violation of the terms of the policy of insurance by the transfer of the title to the property without notice to it or without its consent, denying that McCulloch and Hampson were its agents at the time of the transfer of the policy from Collins and Goar to Clark, denying that they had any authority to consent to the assignment of the policy or the transfer of the property, and insisting that any notice to or any knowledge of McCulloch and Hampson of the transfer of the insurance policy or conveyance of the premises was not a notice to defendants. The clause which it is insisted prohibited transfer of the

property without the consent of the defendant is as follows:

"The policy shall be void if any change other than by death of the insured takes place in the interest, title or possession of the subject of insurance, whether by legal process or judgment or by voluntary act of the insured, or if this policy be assigned before a loss."

This cause was before this court on a former hearing, on appeal from a judgment rendered in favor of defendant by the trial court without a jury, upon motion of defendant to exclude all the evidence and find the issues for the defendant. The opinion rendered at that time is reported in Volume 159, Ill. App. 256. The evidence of the defendant tends only to show that McCulloch and Hampson were not the agents of the defendant at the time of the consent to the transfer of the policy from Collins and Goar to Clark, and that defendant had no notice of the assignment or transfer from Collins and Goar to Clark; and the evidence of the plaintiff being substantially the same as on the former hearing, what we have said in the former opinion is equally applicable to the facts in the case as now before us, and we see no reason to change our views as expressed in that opinion, and any further discussion thereof is unnecessary, even if we were so inclined, the doctrine of *res adjudicata* is applicable to all questions determined by the former appeal. Wilson v. Carlinville National Bank, 87 Ill. App. 364; Davis v. Munie, 140 Ill. App. 172.

All questions of fact involved in the case have been found against the defendant by the verdict of the jury; this court should not disturb those findings unless they are clearly and manifestly against the weight of the evidence, and we are of the opinion that the evidence fully supports and warrants the verdict.

The only question remaining for this court to determine is whether or not there has been any error of the trial court in the admission or rejection of evidence

or in the giving or refusing of instructions. We find no error in the rulings on the evidence which would justify a reversal of this cause.

Defendant severely criticizes the fifth instruction given to the jury on behalf of plaintiff by which the jury were informed that unless plaintiff had actual notice or knowledge that McCulloch and Hampson were no longer agents of the defendant at the time that they consented to the assignment of the policy, defendant was bound by the acts of the former agents; and insist that this instruction required defendant to prove that plaintiff was given or had positive notice of the revocation of the agency of McCulloch and Hampson, and that under the law defendants were only bound to prove that plaintiff had such notice of that fact as would put them upon inquiry to ascertain whether or not at the time of the consent to these transfers McCulloch and Hampson were agents of defendant.

By instruction No. 2 given on behalf of defendant, the jury were instructed that if they believed from the evidence, whether direct or circumstantial, that the officers of the plaintiff knew that McCulloch and Hampson were not agents of defendant at the time of the endorsement of such consent on the policy, and that plaintiff failed thereafter to give defendant any notice of such change in title, then plaintiff could not recover; and by instruction No. 6 given on behalf of defendant, the jury were instructed that where facts or circumstances are known to a person relating to matters in which he is interested sufficient to make it his duty as an honest and prudent man to inquire concerning the rights of other parties in the same matter, and that such course of inquiry if followed, would lead to a discovery of rights in conflict with his own, then he will be chargeable with notice of all that he might have discovered and he cannot be heard to say that he did not actually know such facts, and that if the plaintiff had knowledge of facts and circumstances relating to

the change of agents at Mattoon, it was the duty of its officers as honest and prudent persons to make inquiries thereof, and if such inquiry would have developed the fact that McCulloch and Hampson were no longer agents of defendant, and plaintiff failed to make such inquiry, then they are chargeable with notice of such change of agents.

While the instruction given on behalf of the plaintiff used the expression "actual notice," the instruction given on behalf of the defendant fully explains and informs the jury what was meant by and what constituted actual notice, and there can be no reasonable theory presented by which the jury may have been misled by these instructions.

Actual notice is not necessarily direct and positive notice. Mayor v. Whitington, 78 Md. 231.

We find no prejudicial error in the rulings of the court upon the giving or refusing of instructions. Substantial justice has been done. Beard v. Maxwell, 113 Ill. 440; W. Chicago St. R. R. Co. v. Maday, 188 Ill. 308-10.

The judgment will be affirmed.

*Affirmed.*