Edgerton, C. J.
The respondent brought an action in the District Court for Grand Forks county to recover damages for injuries received through the alleged negligence of the defendant. Upon the trial of the issue the jury returned a verdict in favor of the plaintiff and respondent for the sum of $1,300 damages. This verdict was set aside by the District Court and a new trial granted. Upon the second trial the jury assessed the damage in favor of the plaintiff in the sum of $1,500. A motion was made by the defendant for a new trial, which was denied, and an appeal taken to this court. There are three assignments of error:
First.— That the damages were so excessive that they bear the ear marks of passion or prejudice on the part of the jury.
Second. — That the evidence is insufficient to justify the verdict.
Third. — The Court erred in overruling defendant’s motion, at the close of plaintiff’s case, to direct the jury to bring in a verdict for defendant, because the facts stated in the complaint were not sufficient to constitute a cause of action; and further erred in refusing, at defendant’s request, to charge the jury, “ That the city of Grand Forks is not liable.”
In reference to the first and second assignments of error the record discloses that the plaintiff, a laboring man, had his leg broken by the fall of an awning overhanging the sidewalk — -was confined to his bed in consequence of the same for about six weeks, and then for another six weeks not able to walk about without the use of crutches; that he was obliged to pay his physician and nurses about $300. There was also testimony offered and received tending to show that the plaintiff had not since the accident been able to perform labor as before, and that the broken leg was shorter than the other in consequence of the fracture, resulting in a permanent injury:' See Abstract, pp. 14 to 18.
“ The verdict should not be disturbed, unless it is clear that the *311 damages awarded are materially greater than the evidence will justify:” 9 Gushing, 228; 8 bickering, 126; 39 Wis., 640.
The only remaining question is, djd the Court err in the charge to the jury? The defendant submitted the following requests, all of which were given by the Court, except the first:
1st. That the city of Grand Forks is not liable.
2d. That if the city be liable at all, it can be only after actual or implied notice brought home to the corporation, and failure to repair or remove the same thereafter; otherwise the jury must find for defendant.
3d. That to charge the city with presumptive .notice of the dangerous condition of this porch, it must have been so dangerous, and so apparent to every passer-by, that an ordinarily careful person must have seen and avoided the same. Mere knowledge on the part of a few citizens does not constitute implied notice.
4th. That the plaintiff must come into this court with clean hands, and if he by any act caused, or in any manner contributed to hasten, or was the means of hastening the fall of this porch, then the jury must find for the defendant.
5th. That the act of reaching up and catching hold of one of the supports of this porch, was, if believed by the jury, an act of contributory negligence.
6th. If you find for plaintiff, he is entitled only to actual damages for loss of time and necessary expenses incurred thereby. Yindictive damages cannot be recovered.
7th. That the liability of a city for an injury, caused by a defect in streets, can only arise where the corporation has had notice of the defect, and is guilty of some neglect. Mere existence of a defect does not establish the liability.
*312 While the weight of evidence may have convinced the defendant or even the Court that the plaintiff contributed to the accident, yet the evidence upon this point is conflicting, and the question was fairly submitted to the jury, and they were the proper judges of the fact.
The mayor and council of the city of Grand Porks have power “ to provide for keeping sidewalks clear and clean from all obstruction and accumulation.”
This power conferred upon the city by the legislature, together with the necessary means for the proper execution of the same, carries with it the corresponding duty: Dillon on Corporations, Sec. 789.
It is incumbent on the city having full control of the streets therein, and of the improvement thereof, to keep them in a reasonably safe condition; and if it neglects to do so, it will be liable for injuries happening by reason of its negligence: 53 Mo., 290.
The law of the case was correctly given by the Court to the jury. In the charge inter alia we find: “ The defendant is a municipal “ corporation, and as such is empowered by its charter, through “ its officers, to provide for keeping the sidewalks clean and free tc from obstructions or accumulations, and to take charge of the “ streets in such city; and it is its duty to see that they are in a “ condition at all times that people may travel along the walk in “ perfect safety, and that there should be no obstruction to such ££ travel, and for this purpose it may levy and collect taxes to de- “ fray such expenses. This duty is not confined entirely to obstrue- “ tions upon the walk, but also applies as well to everything hang- £‘ ing over the walk that may render such travel unsafe. If the ££ city officers, or those to whom this duty belongs and to whom it “ is assigned, neglect such duties, and a person is injured in conse- ,£ quence of such neglect, the city is liable for damages. This is *313 “ in conformity to the act of this territory,' which provides that “ every person who suffers detriment from the unlawful act or “ omission of another, may recover from the person in fault, com- ■“ pensation therefor in money, which is called damages.” See, also, Thompson on Negligence, 777; 14 Metc., 29.
Was the respondent injured through the negligence of the appellant? 'I'here was evidence tending to show that the awning might have been in a dangerous condition for some time.
££ The general rule is, that in reparation of its highways a mimic-í£ ipal corporation is answerable in damages for a lack of ordinary or reasonable care, * * * and it is held to the same rule of “ negligence which is expected of private persons in the conduct /,£ of any business involving a like danger to others, and whether “ it has exercised this degree of diligence is, in general, a question ££ of fact for the jury, under proper instructions, * * * * ££ Whether the corporation had notice, or was negligently ignorant, t£ is a question of fact for the jury. Notice will be inferred if the “ defect in the street or sidewalk has existed for a considerable ££ length of time, or from the fact that the defect had existed so u long as to render it notorious * * Thompson on Negligence, 761 and 763.
The question was fairly submitted by the Court to the jury. The judgment is,
Affirmed.
All the Justieps concurring.