## THE CITY OF DECATUR

*v.*

## HENRY BESTEN.

*Opinion filed November 8, 1897.*

1. MUNICIPAL CORPORATIONS—*location of a sidewalk does not lessen city's duty to repair.* The obligation of a city to keep the sidewalks within its limits in reasonably safe repair is not lessened or changed by the location of the sidewalks or the extent of their use, though such location and use may affect the question of notice.

2. SAME—*whether a city had notice of defects in a sidewalk is a question for the jury.* Whether a city is chargeable with notice of defects in a sidewalk for a sufficient length of time before an injury to have repaired it is a question of fact for the jury, and not one of law to be stated to the jury by the court.

3. APPEALS AND ERRORS—*harmless error in giving instruction will not reverse.* Harmless error in the giving of an instruction is not ground for reversal.

4. SAME—*when error in giving instruction is harmless.* Error in giving an instruction holding, as a matter of law, that the existence of a defect in a sidewalk for a certain length of time charged the city with notice thereof, is harmless, where, had the jury found that the city had no notice, actual or constructive, of the defect complained of, their verdict would have been against the evidence.

*City of Decatur* v. *Besten,* 69 Ill. App. 410, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. E. P. VAIL, Judge, presiding.

JAMES M. LEE, for appellant.

ALBERT G. WEBBER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Henry Besten, the appellee, recovered a judgment in the circuit court of Macon county, which has been affirmed in the Appellate Court, against the city of Decatur, the appellant, for $1000, in an action on the case for an injury

received by him from a fall upon a defective sidewalk, resulting in a fracture of the knee-cap of his left leg, whereby he was made permanently lame.

It is insisted by appellant here that the trial court erred in giving, and refusing to give, certain instructions to the jury. The court instructed the jury that it was the duty of the city to keep its sidewalks within its corporate limits in a reasonably safe condition, and that, as a matter of law, the fact, if the jury found it to be a fact, that the sidewalk in question was less frequented by travelers than some other sidewalks in said city would not lessen the obligation of the city to keep it in a reasonably safe condition. Other instructions announcing a different doctrine, asked by the defendant below, were refused. No error was committed by the court in respect to these instructions. As said in *City of Flora* v. *Naney*, 136 Ill. 45, the obligation of the city to keep its sidewalks within its limits in a reasonably safe condition is not lessened or changed by the location or extent of the use of such sidewalk. The location or extent of the use of a sidewalk may have something to do with the question whether or not the city shall be charged with notice of the defect, but not with the duty of the city to keep the sidewalk reasonably safe for use.

We are not, however, prepared to sanction the doctrine announced by the twelfth instruction given on behalf of plaintiff below. By that instruction the jury were informed, in substance, as a matter of law, that the city was charged with notice of the defect in the sidewalk, which was alleged to consist of a loose and decayed plank in the walk, if such defect existed at the time of the injury and for the period of six months or more previous thereto, and said sidewalk was, and had been for such period, in a dangerous condition for persons to walk over the same by reason of such loose and decayed plank being and having been allowed to remain in said sidewalk at the place in question. The question whether or not the

city was chargeable with notice of the condition of the walk for a sufficient length of time before the accident to have repaired it, was a question of fact for the jury to determine, and not a question of law to be stated to the jury by the court. But we have examined the evidence upon the question of notice to the city of the defective condition of this sidewalk, for the purpose of determining the question as to whether or not the error in the instruction complained of should operate to reverse the judgment, and agree with the conclusion arrived at by the Appellate Court that it should not. Had the jury found, under all of the evidence, that defendant had no notice, actual or constructive, of the defect complained of, such finding would have been against the evidence, for, aside from the question of constructive notice, the evidence tended strongly to show that the city had actual notice, and the judgment will not be reversed on account of an erroneous instruction where the court can see that it did no harm to the party complaining. *Beard* v. *Maxwell*, 113 Ill. 440.

Criticisms are made upon other instructions given, and upon the action of the court in refusing certain instructions asked by defendant below, but they are not of sufficient importance to require comment here. Some of the defendant's refused instructions were embraced in others given.

Finding the record free from harmful error, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE BOGGS having passed on this case in the Appellate Court for the Third District, took no part in this decision.