# IDA ANDERSON, Appellant, v. CITY OF JAMESTOWN, a Municipal Corporation, Respondent.

## (196 N. W. 753.)

**Municipal corporations — duty to maintain sidewalk in reasonably safe condition.**

1. There is a duty incumbent upon a city to maintain its sidewalks in a reasonably safe condition for travel in the ordinary modes, by day or by night.

**Municipal corporations — notice of unsafe condition of sidewalk not caused by snow and ice may be actual or constructive.**

2. In this state, a municipality is not liable for injuries sustained by reason of accumulations of snow and ice upon a sidewalk unless actual knowledge of the defective, unsafe or dangerous condition of such sidewalk, occasioned by such accumulation, was possessed by the mayor, board of city commissioners, police officer, or marshal of the municipality forty-eight hours previous to the time the injuries were sustained; and such actual knowledge may not be presumed from the existence of the condition, but must in all cases be proven as an independent fact (Laws 1915, chap. 70; Malherek v. Fargo, 49 N. D. 522); but, as regards all other defects, such, for instance, as a hole in a concrete sidewalk caused by the disintegration and breaking away of the concrete, actual knowledge is not necessary to render the municipality liable in negligence. It is sufficient if the city had notice, either actual or constructive.

**Municipal corporations — evidence as to sidewalk held to show negligence.**

3. For reasons stated in the opinion, it is *held* in the instant case that there was substantial evidence from which the jury could find that the city was guilty of negligence as regards the hole or defect in the sidewalk which occasioned plaintiff's injury.

Opinion filed December 29, 1923. Rehearing denied January 22, 1924.

Municipal Corporations, 28 Cyc. pp. 1359 n. 49, 50, 51; 1360 n. 53; 1388 n. 8; 1389 n. 9; 1390 n. 15; 1392 n. 17; 1495 n. 91; 1504 n. 46; 1507 n. 59; 1508 n. 60. Notice, 29 Cyc. p. 1113 n. 5.

Note.—(1) Duty of city to keep sidewalks in reasonably safe condition, see note in 20 L.R.A.(N.S.) 591; 13 R. C. L. 397; 4 R. C. L. Supp. 814.

(2) Liability of municipality for injuries from unevenness in sidewalk or cross walk, see notes in 7 L.R.A.(N.S.) 933; 13 L.R.A.(N.S.) 1105; 20 L.R.A.(N.S.) 632, 640, 641; 29 L.R.A.(N.S.) 180; 43 L.R.A. 1158; L.R.A.1916A, 486; 13 A.L.R. 44; 34 A.L.R. 409; 13 R. C. L. pp. 398, 408; 3 R. C. L. Supp. pp. 50, 52; 4 R. C. L. Supp. 814.

Appeal from the District Court of Stutsman County, *Coffey, J.*

Plaintiff appeals from a judgment rendered in favor of the defendant notwithstanding a verdict in plaintiff's favor.

Reversed and remanded with directions to enter judgment pursuant to the verdict.

*Knauf & Knauf,* for appellant.

"A city is liable for an injury to a pedestrian from a fall on stepping into a decided impression in the sidewalk, of which the city had notice, and which was concealed by the snow and slush." Kellow v. City (Penn.) 45 Atl. 676.

"It is charged in the complaint that the defendant 'negligently, carelessly, and knowingly' permitted the said unsafe condition of the sidewalk to remain, without any effort to repair the same and make a safe passage for the public. The jury were justified by the evidence in finding that the unsafe condition of the sidewalk consisted of one flagstone overlapping the other and raised to a height of three inches above the level of the sidewalk." Mullin's Case (N. Y.) 75 N. E. 1112.

"Counsel for defendant insist that the existence of the hole with the piece of cinder in the bottom, as described by plaintiff, was not negligence. Citing Jackson v. City of Lansing, 121 Mich. 279, 80 N. W. 8. The high degree of care required of common carriers of passengers, in transporting them and in the construction and care of their vehicles for that purpose, is not required by the law in the constructing and maintenance of its platforms and station grounds. Reasonable care to be determined by the surroundings, the situation and the probable dangers, is the requirement of the law." Crowe v. Mich. Cent. R. Co. 106 N. W. 396.

"Generally, one traversing the streets or sidewalks of a municipality has the right to assume that they are in a reasonably safe condition for travel by day and by night, and though defects therein are plainly to be seen, nevertheless, where one has his attention diverted and for good reasons does not see such defects therein and sustains personal injuries therefrom, the question of his contributory negligence is one for the jury depending on all of the facts and circumstances in the case." Corbin v. Huntington, 94 S. E. 38.

The defective condition, its being kept and hidden in the darkness, it having been stumbled into by others, others having fallen there, the

question of whether it was in a reasonably safe condition, was for the jury and properly submitted under instructions, to which no objection has been filed. The defect, the darkness, its long continuance out of repair, all join to make the questions of the negligence of the city and the reasonably safe condition for the jury to determine. Gueble v. Town, 45 So. 917; Kellow v. City, 45 Atl. 676; City v. Johnson, 10 S. E. 712; Mullin's Case, 75 N. E. 112; Durr v. R. Co. 77 N. E. 397; Williams v. West Bay City (Mich.) 85 N. W. 458; Bieber v. St. Paul, 91 N. W. 20; Crowe v. R. Co. (Mich.) 106 N. W. 395; Wederburn v. Detroit (Mich.) 108 N. W. 102; Estabrook v. Duluth, 172 N. W. 123.

There was no error in refusing the motion to direct the jury to view the place of the accident. It had been changed. It is a question of discretion in any event. Banning v. R. Co. 56 N. W. 277; Leidlein v. Meyer, 55 N. W. 367; Jenkins v. R. Co. 15 S. E. 193; Williams v. City, 68 N. W. 141.

"Surely it requires no argument or citation of precedents to demonstrate under such circumstances, that plaintiff was entitled to go to the jury upon the question of defendant's negligence. In this connection it may also be said that the instructions asked by the appellant, so far as they announced correct propositions of law, were fairly embodied in the court's charge to the jury, and that, so far as not thus given, they are not in harmony with the principles hereinbefore approved." City v. Wyche, 52 So. 787; Ensley v. Smith, 51 So. 343; Temperance Hall v. Giles, 33 N. J. L. 260; Bill v. City, 39 Conn. 222.

*C. S. Buck,* City Attorney, for respondent.

It seems to be generally held that a municipal corporation is not liable for every accident that may occur within its limits. Its officers are not required to do every possible thing that human energy and ingenuity can do to prevent the happening of accidents or injuries to the citizens. The law does not require that the city shall do more than keep its streets in a reasonably safe condition. The obstructions or defects, to make the corporation liable, must be such as are in themselves so dangerous that a person exercising ordinary prudence could not avoid injury in passing them. It is only against defects in streets of sufficient gravity to justify a careful and prudent man in anticipating danger from the existence thereof that a municipality is bound to guard.

Cities are not required to keep their streets free from irregularities and trifling defects. It is the duty of a municipality to see that all its streets, open for travel, are kept in repair and free from obstruction, and this duty has been performed when the way is without obstruction, or such structural defects as would endanger the safety of travelers in the exercise by themselves of ordinary care. Where an injury is alleged to have been occasioned by a defect in a street, the inquiry should be not was there some defect in the street? but was the street, in the condition in which it is proven to have been, in a reasonably safe condition for travel in the ordinary mode at the time the accident happened? and was the accident the natural and probable result of the use of the street in that condition,—one that could have been foreseen by those charged with the duty of maintaining the street? Keen v. Mitchell, L.R.A.1916F, 705, 157 N. W. 1049; Jackson v. Lansing (Mich.) 80 N. W. 8.

"We think we may take judicial notice of the fact which ordinary observation discloses that there is scarcely a rod in the streets of any city in which there may not be discovered some little unevenness or irregularity in sidewalks, cross walks, curbs, or pavements. As the result of various causes, climatic and otherwise, they are constantly occurring and recurring. Ordinarily they cause no difficulties, and it would require a vast expenditure of money to remove them all." Terry v. Perry (N. Y.) 35 L.R.A.(N.S.) 668; Johnson v. Ames (Iowa) 162 N. W. 858.

CHRISTIANSON, J. The plaintiff, while walking along the sidewalk on one of the streets in the city of Jamestown in this state, stepped into a depression in the sidewalk and as a result fell and sustained severe injuries. She brought this action to recover the damages sustained by such fall and was awarded a verdict in the sum of $2,587. Subsequently, on defendant's motion for judgment notwithstanding the verdict or for a new trial, the trial court ordered judgment notwithstanding the verdict in favor of the defendant for a dismissal of the action. Judgment was entered accordingly and the plaintiff has appealed.

The sole question presented on this appeal is whether there was any substantial evidence tending to show actionable negligence on the part of the defendant. After careful consideration we have reached the

conclusion that there was substantial evidence in support of the findings of the jury and that the trial court erred in setting aside the verdict and ordering judgment notwithstanding the verdict. The question of negligence is primarily and generally one of fact for the jury. It becomes one of law only when but one conclusion can reasonably be drawn from the undisputed facts. Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359.

The accident involved in this action occurred on October 7th, 1922, at about 8 o'clock in the evening of that day. The plaintiff and her daughter and one Mrs. Carley were walking together on the sidewalk on the west side of 6th Avenue in the city of Jamestown and were going toward the main or business section of the city. At a certain point on said sidewalk the plaintiff stepped into a hole or depression and as a result thereof she fell and injured her foot, ankle and leg, and fractured a bone in her arm. The cause of her injuries and the extent thereof are not in controversy. It is undisputed that there existed a certain depression or hole in the sidewalk; that the plaintiff stepped into it, fell upon the sidewalk and sustained severe injuries. The sidewalk was constructed of concrete and the witnesses testified that the hole had been caused by the breaking away and disintegration of the concrete; that there was no difference in color between the hole and the remainder of the sidewalk. The defect in the sidewalk had been there during all of the summer of 1922 and there is some evidence to the effect that it had been there for three or four years in all. According to the evidence of the witnesses for the plaintiff, the hole at the time of the accident was some 8 or 14 inches wide, about 32 inches in length and varied in depth from 1 to 3 inches. The evidence is further to the effect that while there was an electric street light not far distant, the light was so placed that a certain telephone pole and a tree cast a shadow on that part of the sidewalk where the hole was. There was also evidence that other persons had stumbled on prior occasions as a result of stepping into the hole or depression in the sidewalk. Evidence was also introduced, without objection, that after the accident, the owner of the adjacent property, at the order of the mayor of the city, filled the depression with sand, and that he used for that purpose a twelve quart bucket full of sand.

The rules relating to the liability of a city for personal injuries

sustained on account of defects in sidewalks are well settled in this state. There is a duty incumbent upon the city to exercise reasonable care to make and maintain its streets and walks reasonably safe for the purposes to which they are respectively devoted, and for the use of persons traveling thereon in the usual modes, by day or by night, and who are themselves in the exercise of reasonable care. Ludlow v. Fargo, 3 N. D. 485, 57 N. W. 506; Jackson v. Grand Forks, 24 N. D. 601, 45 L.R.A.(N.S.) 75, 140 N. W. 718; 28 Cyc. 1359. And after the city has received notice of the existence of a defect, an obligation arises to exercise reasonable care to restore the street or sidewalk so that it may again be reasonably safe for travel. 28 Cyc. 1360. However, there is, in this state, no liability for injuries sustained by reason of accumulations of snow and ice upon a sidewalk unless actual knowledge of the defective, unsafe or dangerous condition of such sidewalk or cross-walk was possessed by the mayor, board of city commissioners, police officers or marshal, forty-eight hours previous to such damage or injury; and actual knowledge of the condition can in no case be presumed from the fact of the existence of the condition, but such knowledge must in all cases be proven as an independent fact. Laws 1915, chap. 70; Malherek v. Fargo, 49 N. D. 522, 191 N. W. 951. But, as regards other defects, actual knowledge on the part of the city is not necessary. In other words, as regards such defects the liability of the city remains precisely the same as before the enactment of chapter 70, Laws of 1915; and as to such defect, notice may be either actual or constructive. Jackson v. Grand Forks, 24 N. D. 601, 620, 45 L.R.A.(N.S.) 75, 140 N. W. 718. Constructive notice means notice which the law imputes from the circumstances of the case; and a municipality is chargeable with notice of such defects as ordinary and reasonable diligence would have discovered; or, stated in another way, if facts exist with which ignorance is not compatible, except on the assumption of failure to exercise reasonable care, notice will be presumed. 6 McQuillin, Mun. Corp. § 2813. The circumstances of each case, must determine whether constructive notice of the defect is to be attributed to the municipality, and hence constructive notice is ordinarily a question of fact for the jury. Decatur v. Besten, 169 Ill. 340, 48 N. E. 186. If a defect has existed for such a length of time that the municipality in the exercise

of ordinary care ought to have discovered and remedied it, notice of the defect will be imputed to the municipality. 6 McQuillin, Mun. Corp. § 2814. The hole in the sidewalk which caused plaintiff to fall had existed for a long time, and was plainly visible to all who passed that way. The sidewalk was in general use by the people residing in that vicinity in going to and coming from the so-called "business portion" of the city. There was also some evidence tending to show that a municipal officer chargeable with the duty of maintaining sidewalks had passed over the sidewalk in controversy while the defect in question existed and a long time before the accident occurred. It is true, a city is not an insurer of those who travel upon its streets and it is not required to keep the streets in such a condition as to insure the safety of travelers under all circumstances. As already stated, however, there is a duty incumbent upon the city to exercise reasonable care to keep its sidewalks reasonably safe for the purpose to which they are devoted.

In the case at bar the questions of fact were submitted to the jury under instructions eminently fair to the defendant. The jury found in favor of the plaintiff. And, under the evidence in this case, we do not believe it can be said, as a matter of law, that the verdict of the jury is without substantial support in the evidence. When reasonable men may differ as to whether the condition of the sidewalk was such as to call on the city officials to anticipate accidents, the question is one for the jury. Beltz v. Yonkers, 148 N. Y. 67, 42 N. E. 401. It seems to us that this is such a case. Here, it is admitted that an accident happened and there is no suggestion of contributory negligence on the part of the plaintiff. It is undisputed that the hole in the sidewalk was the direct and proximate cause of the injuries sustained by the plaintiff, and that this hole had existed for a long period of time. In view of all the facts and circumstances in the case, we are of the opinion that it was for the jury to decide whether the defect in the sidewalk was such as to impose upon the city authorities a duty to repair it (6 McQuillin, Mun. Corp. p. 5686, and authorities cited) and also whether the city authorities had had notice of the defect for a sufficient length of time to charge the city with a breach of duty in failing to repair the defect and make the sidewalk reasonably safe for its intended use. 6 McQuillin, Mun. Corp. § 2814.

The judgment appealed from is reversed and the district court is directed to enter judgment pursuant to the verdict. It is so ordered.

Bronson, Ch. J., and Johnson, Birdzell, and Nuessle, JJ., concur.