[Civ. No. 10237. Second Appellate District, Division Two.—April 29, 1935.]

FRANK A. WALDORF et al., Appellants, v. CITY OF ALHAMBRA (a Municipal Corporation), Respondent.

William Dellamore and Leslie K. Floyd for Appellants.

James B. Ogg for Respondent.

WILLIS, J., *pro tem.*—Plaintiffs, father and mother of Helen Amy Waldorf, deceased, brought this action against the City of Alhambra for damages alleged to have resulted from the death of their daughter which was caused by a collision between the automobile in which she was riding in the night-time, with a pole in the parkway of a city street near its intersection with another street in the City of Alhambra. At the beginning of the trial defendant objected to the introduction of any proof in support of the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The objection was sustained, the jury was dismissed and judgment was entered that plaintiffs take nothing by their complaint, from which judgment plaintiffs appeal.

The sole question herein, therefore, is whether the complaint states facts sufficient to attach an actionable liability to the municipal corporation defendant under the provisions of statute enacted in 1923 (Act 5619, Deering's Gen. Laws, p. 3052), wherein municipalities were made liable for injuries to persons and property resulting from the dangerous or defective condition of "public streets . . . grounds, works and property" in all cases where the governing body or person having authority to remedy such condition had knowledge or notice of the defective or dangerous condition of any such street, grounds, works or property, and failed or neglected, for a reasonable time after acquiring such knowledge or receiving such notice, to remedy such condition or to take such action as may be reasonably necessary to protect the public against such dangerous or defective condition.

In the construction of a pleading for the purpose of determining its effect, its allegations must be liberally construed with a view to substantial justice between the parties. (*Estate of Wickersham,* 153 Cal. 603 [96 Pac. 311].) In accordance with this rule we are asked to construe the complaint herein as charging that a dangerous and defective condition existed at the intersection of two public streets in the City of Alhambra, based on the following allegations of facts: Alhambra Road, running easterly and

westerly, was intersected by Fremont Avenue, running northerly and southerly, each street being bordered by a concrete curb on each side thereof and paved from curb to curb. That part of Fremont Avenue beginning from the southerly curb line of Alhambra Road is approximately fourteen feet narrower than that part of Fremont Avenue extending northerly from said Alhambra Road, the concrete curbing on the westerly side of Fremont Avenue south of Alhambra Road being approximately fourteen feet easterly of the concrete curbing on the westerly side of said avenue northerly of said road. There were no lights, barriers, signs, notices, watchman or warnings of any kind or character to give notice to or to warn motorists or pedestrians of the narrowness of Fremont Avenue south of Alhambra Road. After appropriate and sufficient allegations of knowledge and notice of such condition of said streets, it is alleged that on December 24, 1933, at 4 o'clock A. M., deceased was riding in an automobile with another who was operating the same southward on Fremont Avenue towards Alhambra Road; that when it arrived at the latter street the driver continued to drive across the intersection, and that by reason of the fact that there were no lights, barriers, signs, notices, watchmen or warnings of any kind or character at or near said intersection to warn or give notice of said narrowness of Fremont Avenue to the south of Alhambra Road, the driver was caused to drive, and did drive said automobile upon and over the curbing on the southerly side of said Alhambra Road and against a wooden pole imbedded in the ground on the westerly side of Fremont Avenue and westerly of the curb line thereof and about twenty feet southerly from the southwest corner of said streets, as a result of which collision the deceased suffered injuries resulting in her death on the same day. Appropriate and sufficient allegations of presentation of a claim in due form and time to the proper board and officers are made. The case was heard and determined by the trial court and presented, argued and submitted to this court upon this single proposition: Are the facts relating to the condition of the streets at the intersection as stated in the complaint sufficient to constitute a dangerous or defective

condition as contemplated by the provisions of the act of 1923 above referred to?

It has been heretofore held that when dealing with cases falling under the terms of this act each of such cases must depend upon its own state of facts; and so varying are the factors which contribute to produce a result that no hard-and-fast rule may find practical application to the great majority of cases. (*Rafferty* v. *City of Marysville*, 207 Cal. 657 [280 Pac. 118].) Without attempting, therefore, to state a rule that would have general application, but only to a state of facts substantially as related in the complaint herein, we are of the opinion that the facts as stated in the complaint herein are not sufficient to show a dangerous or defective condition of the streets, ground or property under the control of the City of Alhambra at the intersection described, as defined, embraced or contemplated by the provisions of the act of 1923. In *Vanderhurst* v. *Tholcke*, 113 Cal. 147 [45 Pac. 266, 35 L. R. A. 267], the court states that the control of streets by city authorities is "not open to question by the courts". The acquisition, construction, maintenance and repair of roads and highways are undisputed functions of government. (*Ferguson* v. *Gardner*, 86 Cal. App. 421, 431 [260 Pac. 961].) "Moreover, the rule is general that the liability of a municipal corporation for injuries from defects or obstructions in its streets is for negligence only; that it is not an insurer of the safety of travelers, but is required to exercise ordinary care to maintain its streets in a reasonably safe condition for those using them in a proper manner, and that contributory negligence precludes a recovery." (*Brooks* v. *City of Monterey*, 106 Cal. App. 649, 654 [290 Pac. 540].) Under the law the City of Alhambra, in the exercise of its governmental function and discretion, was not required to widen Fremont Avenue south of Alhambra Road to correspond with the width of that avenue north of such road, and is not actionably liable for its failure so to do. Nor do we think that the city is chargeable with liability in failing to maintain barriers, lights or warning signs or notices at the point of "offset" or "jog" in the street. In almost every city of size in this state some streets are laid out and improved without uniformity as to width or direc-

tion, resulting in so-called "jogs", "offsets" or "goose-necks", some ending at cross-streets and some even forming cul-de-sacs. We are convinced that the law does not require a municipality to maintain either barriers or warning devices at "jogs" or "offsets" of the construction, nature and appearance of that described in the complaint herein. To the prudent operator of a motor vehicle, acting within the scope of the law governing his own conduct in traversing a public street in the night-time, the pavement, curb, sidewalk and the parkway with the trees or poles therein constitute a barrier or warning sufficient to avert disaster and as readily visible to the alert driver as a sign informing him of the condition, there being nothing to conceal the real condition nor to deceive the operator of an approaching automobile while driving at a lawful rate of speed and with due caution.

While we have not been furnished with nor have we found any California cases which have directly passed upon the peculiar question here before us, we have ample support for the conclusions above expressed in the cases of *Greenland* v. *City of Des Moines,* 206 Iowa, 1298 [221 N. W. 953], and *Clinkenbeard* v. *City of St. Joseph,* 321 Mo. 71 [10 S. W. (2d) 54, 61 A. L. R. 242], in each of which the facts are strikingly similar to those herein. We find nothing in the cases of *Brooks* v. *City of Monterey, supra,* and *Bennett* v. *Kings County,* 124 Cal. App. 147 [12 Pac. (2d) 47], cited and relied upon by appellants, which conflicts with the views herein expressed. Those cases were tried and reviewed on their own peculiar facts, readily distinguishable from those set forth in the complaint herein.

The judgment is affirmed.

Crail, J., and Stephens, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 27, 1935.