[File No. 6995]

LILLIAN TRIHUB, Appellant, v. CITY OF MINOT, a Municipal Corporation, Stearns Investment Co., a Corporation, and Quality Lignite Co., a Corporation, Respondents.

(23 NW2d 753)

Opinion filed July 31, 1946

*Paul Campbell* and *C. A. Waldron*, for appellant. *Robert H. Bosard, L. J. Palda, Jr.*, and *B. H. Bradford*, for respondents.

BURR, J.   The record shows:   Third Street is a public street in Minot running north and south.   At the north end it meets and intersects the public street First Avenue which runs east and west.   Prior to 1925 Third Street, as platted, extended north of First Avenue, a distance of at least 100 feet; but in 1925 the portion north of First Avenue was vacated.

At the intersection Third Street is thirty feet wide, from curb to curb and fifty feet wide from property line to property line. The width of First Avenue from curb to curb at the intersection is 28.75 feet and the distance from the north side of this curb to the property line north of First Avenue is eleven feet.   At one time there had been a sidewalk on the north side of First Avenue between the curb and the north property line, but a portion of it, at least, was gone at the time involved here.

Immediately north of this north property line and on the portion of Third Street vacated is what is called the "coal pit," the the declivity coming from natural causes.

Several years prior to the date involved a wall had been constructed on the south side of the coal pit as a barrier.   This wall originally was twelve inches thick, approximately two and a half feet above the street level and pavement, and approximately two feet above the curb.   At the time involved in this case the wall had deteriorated and part of the curb had disappeared.

This coal pit is fifteen feet wide, twenty two feet long and the record states, "the depth of the floor of the coal bin in the said pit is nine feet from the top of the wall as originally constructed across the south end of said pit and bin and at the property line at the north end of 3rd St. SW."

Along the west wall of this coal pit and extending from the sidewalk grade on First Avenue to a point about a foot and a half from the bottom of the pit is a stairway or flight of steps for the use of pedestrians as a northern approach from the ground level at the bottom of the pit to the sidewalk on First Avenue.

This coal pit had been used by two of the defendants for storing and loading coal and other fuel and the situation was such that anyone driving north on Third Street entering the intersection with First Avenue and continuing north would fall into this coal pit.

In 1944 Henry E. Trihub, husband of the plaintiff, was employed at the airport to the north of Minot beginning in May. His home was in Max some twenty-five to thirty miles south of Minot. His custom was to drive daily in his car between his home and his work. He did not work at the airport on August 21st but from the record it is quite clear he was to work on the 22nd. About 6 A.M. of the 22nd he was discovered dead in his car at the bottom of the coal pit.

The plaintiff, wife of the deceased, brought this action to recover damages for the death of her husband. The complaint sets forth the location of the streets, the coal pit, the barricades, etc. The cause of action is predicated upon the negligence of the defendants in permitting the barricade to become delapidated and the maintenance of this coal pit without proper protection.

Defendant Stearns Investment Co. tenders a denial in general and,

"alleges that if the said Henry E. Trihub died as a result of driving his car beyond the North end of Third Street, Southwest in the city of Minot, that the said death from the said injury was not caused by any negligence or lack of care on the

part of this defendant, but was caused solely by the negligence and contributory negligence of the said Henry. E. Trihub in this: that immediately prior to the accident and at the time thereof, he was unlawfully operating the said automobile in this—that he was then and there in a highly intoxicated condition;

"That he was driving the said car at an unlawful and dangerous rate of speed, . . . ."

.The other defendants set forth similar defenses; and we follow the rule that upon appeal appellant must show error on the part of the court.

At the close of plaintiff's case the defendants moved the court to dismiss the case setting forth various grounds, condensed into three: that no negligence of defendants has been shown; that the cause of death was not shown; and that the record showed the deceased if killed by the fall was guilty of contributing negligence in driving at an excessive rate of speed at a place with which he was thoroughly familiar, that he knew of the existence of this coal bin and that the obstruction at the end of the street was clearly visible to him if his automobile was equipped with lights as required by the statute.

The objection that the evidence failed to show the cause of death is based on the allegation:

"That there was no evidence that Henry E. Trihub was living at the time the car involved struck the concrete wall at the north end of Third Street Southwest, Minot, North Dakota. That there was no evidence that Henry E. Trihub came to his death through any injury inflicted by reason of the car having surmounted said concrete wall."

The court granted the motion and the plaintiff appealed.

No one saw the accident. No one testified: as to the rate of speed deceased had traveled, how he and the car got into the pit, nor as to any intoxicated condition at the time he and the car went into the coal pit.

Without setting forth a resumé of the testimony it is sufficient to state the case presents a situation where it is quite clear the theory of plaintiff is: the deceased, while driving along Third Street going north, crossed First Avenue and drove over the de-

lapidated barrier into the pit and was killed. The objections are based upon deductions from the evidence tendered by the plaintiff and lack of evidence.

The dismissal was not justified on the theory of lack of proof of negligence on the part of the defendants or of contributory negligence on the part of the deceased. It is only when but one conclusion can be reached from the evidence that these become matters of law. Fitzmaurice v. Fitzmaurice, 62 ND 191, 242 NW 526; Logan v. Schjeldahl, 66 ND 152, 262 NW 463. Otherwise they are questions for the jury. Williams v. Minneapolis St. P. & S. Ste. M. R. Co. 57 ND 279, 221 NW 42.

In the case at bar no such finality is presented. The questions of the negligence of the city over a long lapse of time in permitting this barrier to become and remain impaired, its efficacy, the duty of the other defendants with reference thereto and their neglect of duty, have sufficient support in the evidence presented to require submission to the jury; and contributory negligence is a matter of defense. Neither point was so negatived as to make it a matter of law.

With reference to the objection that there was no evidence showing the deceased "came to his death through any injury inflicted by reason of the car having surmounted said concrete wall" or showing he was living when the car went over the wall we note there is evidence tracing the movements of the deceased from the time he left Max about 4 P.M. on the 21st of August. He transacted some personal business in Minot on the evening of the 21st, and as one witness states he saw him come into his place of business "in the neighborhood of between ten and eleven. Imagine . . . he just walked in and walked out." The brakes of the car were shown to be in fair working condition at the time the deceased left his home. The conditions of the coal pit and of the car in the early morning of the 24th were described to some extent. It was deceased's custom to take his lunch with him for the noon hour; and that day he took enough lunch for two days. The lunch was found scattered near the car, broken pieces of the car were discovered in the pit, car tracks through some dust were shown ending at or near the car,

pieces of broken boards around the bin were found still hanging there. The lunch was spilled near the steps mentioned. A witness who described the place from the street, looking down, told of car tracks through the coal dust, of the broken boards, of the places "where the wheels of the car passed over;" tracks from the street which appeared to go over the wall and were continued in the pit to the car. With reference to the car it was stated, "the fender was smashed in and it was pushed back some and the motor was pushed back, the steering wheel was in two." The steering case was caved in, radiator damaged, lights broken, broken boards were found in close proximity, wheel marks shown over coal; wheel marks were traced to the car coming from over the wall, running over two or three feet of coal. Skidding marks to the edge of the pit were described. The coroner said he found the deceased, "lying partly out of the left car door, the car door being open, with his head pretty nearly touching the ground, and his right foot was caught around the steering part of the wheel, that is the right foot; that would naturally be on the brake or the accelerator."

It was for the jury to determine whether the car tracks across the remains of the barricade and over the coal leading toward the car were made by this car; and to consider the possibility that Trihub had died from heart attack or other cause before reaching the northern extremity of Third Street, and yet the car had kept on its straight course without veering.

It is incumbent upon the plaintiff to establish her case by the preponderance of the evidence and so she must prove thereby that there was an accident and that the deceased was killed therein. The story presented to the jury is meager in many details but the court had a picture presenting a strong probability that the deceased had driven north on Third Street; that his car went through the intersection of First Avenue, some time after 11 P.M. of August 21 and over the wall; that about 6 A.M. of the next day he was found dead in the pit; and that from the situation of the body in the car and the condition of the steering wheel deceased had been killed behind the wheel.

This case is governed by the ordinary rules of presumption

and evidence. The law does not presume that Trihub has committed suicide and therefore had voluntarily run his car over the embankment. Neither is there presumption that anyone killed him and drove his car over the embankment, or brought him there in any other way. The law does not presume suicide or the commission of a crime. Rober v. Northern P. R. Co. 25 ND 394, 409, 410, 142 NW 22, 24. With no eye witnesses produced, plaintiff's case rests upon the circumstances shown. If from such circumstances reasonable men may draw different conclusions, one of which favors the plaintiff, then the case should be submitted to the jury. Rulon v. Hollihan, 67 ND 143, 147, 270 NW 349, 351.

."Where the evidence, although circumstantial, is such that it would appear possible that the injury resulted from any one of several causes, and yet it points to the greater probability that it resulted from the specific cause charged by the plaintiff, a nonsuit should not be granted." Farmers' Mercantile Co. v. Northern P. R. Co. 27 ND 302, 146 NW 550. In the same case we state: "If there be shown any facts bearing upon the question of a loss or injury and they afford room for fair-minded men to conclude therefrom that one theory of the case is better supported than the other, the question cannot properly be withdrawn from the jury."

In the light of common knowledge and reasonable deductions from proven conditions it was for the jury to determine whether the evidence presented showed the defendant to be killed in an accident. Clearly reasonable men could conclude from the evidence submitted that the deceased came to his death by driving over the embankment into the pit. It was the duty of the court to submit this question to the jury. It cannot be said there was nothing in the evidence to show this to be the cause of the death. With evidence presented justifying the allegation of negligence on the part of the defendants, with contributory negligence not established as a matter of law, and with the record such that a jury could conclude an accident had taken place and the defendant killed therein, it was error for the trial court to dismiss

plaintiff's action at the close of her case. The judgment is reversed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE and MORRIS, JJ., concur.