Betty Lou BELT, Plaintiff and Appellant,

v.

CITY OF GRAND FORKS, Defendant and Respondent.

No. 7477.

Supreme Court of North Dakota.

Jan. 13, 1955.

116

Duffy & Haugland, Devils Lake, and Lyche & Lyche, Grand Forks, for plaintiff and appellant..

Harold D. Shaft, Grand Forks, for defendant and respondent.

JOHNSON, Judge.

This is an action against the City of Grand Forks, a municipal corporation, for damages resulting from an automobile accident that occurred at about 11:30 p. m. on May 9, 1952. The plaintiff was a passenger in a 1947 Ford sedan operated by her husband, Freeman Belt. He, together with the plaintiff, Fred and Ruth Holweger, the father and mother of the plaintiff, and Franklin Holweger, a brother of the plaintiff, were occupants of the automobile at the time of the accident. Freeman Belt was driving west along Ninth Avenue South in the city of Grand Forks, towards South Washington Street. The accident happened across South Washington Street as it intersects Ninth Avenue South.

South Washington Street runs north and south. It is the dividing line between two subdivisions of the city of Grand Forks, Villard's and McKelvey's Additions. Both additions were established and approved by the city council in June of 1882. The platting of these additions so far as street intersections are concerned, has remained unchanged to this day. South Washington Street is platted to the width of eighty feet. So is Ninth Avenue South on the east side of South Washington Street. On the west side of South Washington Street, Ninth Avenue South is seventy-eight feet wide. South Washington Street is not improved to its full width of eighty feet. At the time of the accident it was graveled in the middle with a shallow ditch along the west side. The streets on the east of South Washington Street do not match up with the streets on the west side. Those on the west side are about ninety-seven feet north of those on

the east side, so that the south line of Ninth Avenue South, west of South Washington Street, lies about seventeen feet north of the north line of Ninth Avenue South to the east of South Washington Street. In other words, when traveling west at the intersection of Ninth Avenue South with South Washington Street, there is a jog to the right. A vehicle driving west on Ninth Avenue South as it approaches and gets into the intersection with South Washington Street, must make a right turn on South Washington Street and go north some sixty or seventy feet, and then turn left to proceed west on Ninth Avenue South. The accident involved in this action occurred when the plaintiff's husband failed to make the turn and drove his car straight across South Washington Street into a shallow ditch. After crossing the ditch the car hit an embankment on the west edge of South Washington Street. The embankment was from one and one-half to two feet high. The car came to a sudden stop and the plaintiff received the injuries of which she complains and which are the basis of this action.

The car was being driven thirty miles per hour at the time of the accident, with head lights on dim. The testimony shows that they would give clear vision for only about forty feet. The members of plaintiff's family were talking and visiting as they approached South Washington Street. No one noticed that Ninth Avenue South does not continue straight west after crossing South Washington Street. Some residences are located straight west across South Washington Street. The plaintiff's husband drove across South Washington Street, directly west, towards these residences. They are located to the south of the jog in Ninth Avenue South.

The evidence further shows that the plaintiff had lived in Grand Forks since 1935 and her husband since 1936, except for five years in the army. It appears that neither the plaintiff nor the other occupants of the car were acquainted with the intersection at which the accident occurred. The plaintiff's husband says that he "thought" South Washington Street was marked with stop signs, although he did not remember that he had ever been on this street before. He did not see the road continue beyond South Washington Street, nor did he notice the embankment on the west side until he was upon it.

There is no evidence in the record to show that there were any defects or obstructions in either Ninth Avenue South or South Washington Street. There is no evidence of lack of maintenance in the record.

The plaintiff contends there was no street light burning at the intersection of South Washington Street and Ninth Avenue South at the time of the accident. This is denied by witnesses for the defendant. There was no stop sign or highway sign indicating a turn at the intersection of South Washington Street and Ninth Avenue South at the point of the accident, nor was there any dead end warning on the west side of South Washington Street, to warn people that traveled Ninth Avenue South going west that they could not proceed due west across South Washington Street.

It is not necessary for a proper understanding of this case to set forth the entire contents of the complaint. It is alleged that the defendant is a municipal corporation; that it is the owner of the streets and avenues of the city, and that at the time of the accident involved in the action it had supervision and control thereof, and that it was the duty of the municipality or its agents to keep said streets and avenues safe and free from danger, properly lighted with appropriate signs to warn of danger ahead so that the public might travel thereon by motor vehicle or other means of conveyance. Then the complaint alleges that the plaintiff was a passenger in the car mentioned, operated by her husband, traveling on Ninth Avenue South in the city of Grand Forks, going west at a low and reasonable rate of speed in a careful, prudent manner; that the automobile in which the plaintiff was a passenger was in good shape and under proper control; that it was after dark and that the plaintiff's husband came to the west end of Ninth Avenue South, or the so-called "dead end" touching South Washington

Street, which had a ditch on the west side; there was no indication of a stop sign or a sign to turn right or left, nor any sign or light to indicate there was any danger ahead upon reaching South Washington Street; that it was the duty of this city to guard and protect travelers and the public and to have suitable warnings or barriers to prevent travelers on said street from running into the ditch (on the west side of South Washington Street); that said ditch was so deep as to be dangerous; that the city failed and neglected to do so, and had permitted the ditch to remain open, uncovered, and unprotected, without barrier or warning, and that Freeman Belt, the husband of the plaintiff, while driving with care and caution, traveled on Ninth Avenue South; that the ditch was hidden and unnoticeable.

The defendant admits that the city of Grand Forks is a municipal corporation, but otherwise denies the allegations and asserts that if the plaintiff suffered any injuries as a result of the accident, they were caused solely and only by the negligence of Freeman Belt in that he drove his motor vehicle without care and caution at a high and dangerous rate of speed in excess of the speed limits of the city of Grand Forks, which it is asserted is twenty miles per hour at the place of the accident; that because of the excessive speed at which Freeman Belt was driving, he was unable to bring his vehicle to a stop within the assured clear distance ahead of his lights at the time and place of the accident, and that he was not in full control of his automobile, and further that he was under the influence of intoxicating liquor, and that the plaintiff had knowledge of the condition of the said Freeman Belt, the driver of the car. The answer further sets up that the plaintiff was guilty of negligence that contributed to her injury, and that the plaintiff was well acquainted with the nature of the road upon which the motor vehicle was being driven and knew, or should have known that her husband was driving his car at a dangerous and unlawful rate of speed in light of the condition of the road and the location, and that she knew that her husband, Freeman Belt, was under the influence of intoxicating

liquor; that she chose to ride with him at said time and place, but failed to protest against his careless, reckless, and negligent operation of the automobile; that the defendant has no knowledge of the nature and extent of the injuries suffered by the plaintiff, and asks for a dismissal of the action.

The case was tried to a jury. At the completion of the presentation of the plaintiff's evidence, the defendant moved for a dismissal of the action: first, on the ground that the plaintiff failed to state a cause of action against the defendant; second, that the evidence wholly failed to establish a cause of action against the defendant; and third, that the plaintiff, as a matter of law, was guilty of contributory negligence barring a recovery. The court withheld ruling on the motion until after the defendant had presented its evidence. The defendant then renewed its motion to dismiss on the same grounds. The court then dismissed the action. The plaintiff appeals from the judgment of dismissal entered pursuant to the motion.

The plaintiff and appellant bases her contentions of negligence on the following asserted defects in the street:

1. That the city was negligent in constructing and improving only about the middle thirty feet of South Washington Street with a gradual sloping ditch on the west side ending in an embankment some one and one-half to two feet in height;

2. Permitting vegetation to grow on the embankment.

3. Placing stop signs at Second Avenue North, eleven blocks away from the scene of the accident, and at Fifth Avenue South, four blocks away, but failing to place a stop sign at Ninth Avenue South where the accident occurred.

4. Failure of the city to warn of a turn in the road or to place a dead end sign or erect a barrier where the accident occurred.

5. Failure of the city to maintain a light at this intersection.

6. That the city permitted these conditions to exist in and adjacent to the street.

These acts of negligence are urged as the plaintiff's basis of recovery. The sole question for decision is whether or not they constitute actionable negligence on the part of the defendant. Our discussion will be confined to the acts of negligence thus urged.

■ The defendant maintains that it is immune from liability for negligence in the exercise of a governmental function. The governmental function theory absolves a municipality from a liability for negligence in the performance of a governmental function, power or duty which it is authorized to perform. This theory has been recognized in several cases in this court. Montain v. City of Fargo, 38 N.D. 432, 166 N.W. 416, L.R.A.1918C, 600; Moulton v. City of Fargo, 39 N.D. 502, 167 N.W. 717, L.R.A. 1918D, 1108; Hanson v. Berry, 54 N.D. 487, 209 N.W. 1002, 47 A.L.R. 816; Hamilton v. City of Bismarck, 71 N.D. 321, 300 N.W. 631. It is not necessary to determine whether the governmental function theory applies in this case as it can be decided on other grounds.

No statute or ordinance has been found or pointed out which imposes the duty upon the city to erect stop, warning or dead end signs indicating a jog in the street, or to place barricades at such points in a street or to require the lighting of city streets. Nor has any statute or city ordinance been pointed out that would require the city to cut down or keep under control vegetation upon property adjacent to the improved traveled part of a street.

" 'Neglect', 'negligence', 'negligent', and 'negligently', import a want of such attention to the nature or probable consequences of the act or omission as a prudent man ordinarily bestows in acting in his own concerns". Section 12–0104(2), NDRC 1943.

■ Judge Cooley, in his work on torts, defines negligence as: "The failure to observe, for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other

person suffers injury." Cooley Torts, (3d Ed.), pages 1324, 1325.

■ Negligence presupposes a duty. As negligence is failure to perform a duty, there can be no negligence where there is no duty.

■ If there is a duty and that duty is not performed, the failure to perform it, if the proximate cause of an injury, may result in liability against a municipality. The rule in this state has become well established that a municipality is under legal obligation to exercise reasonable care to keep its streets in a safe condition for the use of the public. This rule has been stated in many different cases. The early case of Larson v. City of Grand Forks, 3 Dak. 307, 313, 19 N.W. 414, 415, 416, states it this way:

"It is incumbent on the city, having full control of the streets therein and of the improvement thereof, to keep them in a reasonably safe condition, and if it neglects to do so it will be liable for injuries happening by reason of its negligence."

Also see Ludlow v. City of Fargo, 3 N.D. 485, 57 N.W. 506. Again in Hanson v. Berry, 54 N.D. 487, 494, 209 N.W. 1002, 1005, 47 A.L.R. 816, it is said:

"The rule that subjects a municipality to liability for the failure to maintain its streets in a reasonably safe condition, though generally established and well approved, is nevertheless exceptional and anomalous. 4 Dillon on Municipal Corporations, (5th Ed.) §§ 1714, 1715. This exception, however, is predicated upon a duty with respect to the physical condition of the streets * * * which may in turn affect the convenience or safety of those who may have occasion to use the public streets."

Maloney v. City of Grand Forks, 73 N.D. 445, 15 N.W.2d 769. The rule thus stated has no application to the facts in the case at bar.

■ In the case of Braatz v. City of Fargo, 19 N.D. 538, 544, 125 N.W. 1042, 1044,

27 L.R.A.,N.S., 1169, this court quotes with approval from the case of Town of Spencer v. Mayfield, 43 Ind.App. 134, 85 N.E. 23, saying, " 'A municipal corporation is only required to guard against such dangers in its streets as can or ought to be anticipated or foreseen in the exercise of reasonable prudence and care.' " This case quotes Judge Dillon in his work on Municipal Corporations, Volume 2, (4th Ed.), section 1005, as follows:

" 'Thus towns are not necessarily bound to fence or erect barriers to prevent travelers from getting outside of the road or way. A municipal corporation may determine for itself to what extent it will guard against mere possible accidents, and if it be not guilty of negligence, the judicial tribunals are not to say it shall suffer in damages for not giving to the public more complete protection, since that would practically take the administration of municipal affairs out of the hands to which it had been intrusted by law.' We are firmly impressed both with the correctness and justice of the rule as above announced. To hold municipalities to a higher degree of care would be, in effect, requiring them to become insurers of the safety of their streets and walks, which is not exacted by any court."

The evidence here discloses that it was obvious that Ninth Avenue South did not proceed due west as it entered the intersection with South Washington Street; that there was a turn to the right; that there are residences and other buildings straight west of the embankment into which the plaintiff's husband drove his automobile. The curve or jog to the right, in itself, was notice to an observant driver. The claim of negligence here is based on failure to warn, guard, notify, or fortify by barricade the west side of South Washington Street.

 It is well settled that a city has the right to improve and open for public travel only a portion of a platted street, and a city is not liable for injuries to persons using a portion of the street which a city has not undertaken to improve. Sparks ·v. Kansas City, 236 Mo.App. 710, 160 S.W.2d 819; Clinkenbeard v. City of St. Joseph, 321 Mo. 71, 10 S.W.2d 54, 61 A.L.R. 242; Griffin v. City of Chillicothe, 311 Mo. 648, 279 S.W. 84, 42 A.L.R. 1273; City of Waco v. Darnell, Tex.Com.App., 35 S.W.2d 134.

 The extent to which a street is improved is a matter that rests in the sound discretion of the municipal authorities. A city has a right to prepare a way of a width which in its discretion will accommodate the public in the middle of a dedicated or platted street without assuming any duty or liability with respect to the portion of the street that is allowed to remain in the state of nature or unimproved. See Barton v. King County, 18 Wash.2d 573, 139 P.2d 1019. We hold that the city of Grand Forks was not negligent by reason of improving only the middle thirty feet of South Washington Street or Ninth Avenue South.

It has also been held that a municipality is not liable to an occupant of an automobile injured in a collision at an intersection merely because it has allowed the view to be obstructed by high grass, weeds and bushes which have grown up in a portion of the street not maintained for public travel. Owens v. Town of Booneville, 206 Miss. 345, 40 So.2d 158. See also Barton v. King County, supra.

 In the case of Henderson v. City of St. Paul, 216 Minn. 122, 11 N.W.2d 791, 793, the court discusses jogs, goosenecks and cul-de-sacs in city streets, and says:

"Merely because a street turns or jogs around a parkway does not place a duty on the city to erect and maintain warning signs or lights. Such irregularities in streets are so common that the burden of providing warning lights or signs in all such instances and in all municipalities would be disproportionate to the probable danger likely to be encountered by the ordinarily prudent automobile driver.

"A different situation is presented if by reason of peculiar facts or circumstances a pitfall, trap, or snare danger-

ous to the wayfarer is created. That exception is well illustrated in the recent case of Ollgaard v. City of Marshall, 208 Minn. 384, 294 N.W. 228, where our prior cases are cited."

In the case at bar, the facts clearly show that no pitfall, trap or snare dangerous to a wayfarer was created by the jog or turn in this street.

We do not think that a city is chargeable with liability for failure to maintain barriers, lights or warning signs or notices at the point of an offset or jog in a street, where the same could not constitute a dangerous situation to a prudent driver. In nearly every city of any size some streets are laid out and improved without uniformity as to width or direction, resulting in "jogs", "offsets", or "goosenecks". We are convinced that the law does not require a municipality to maintain either barriers or warning devices at such places. Waldorf v. City of Alhambra, 6 Cal.App.2d 522, 45 P.2d 207 (review denied by supreme court).

 Aside from statutory or charter requirements, a city or town is under no duty to light its streets; it may, if it chooses, leave them unlighted and cannot be held liable in damages to a traveler who is injured solely because of its failure to light them. See Volume 19, McQuillin's Municipal Corporations 3d Ed. section 54.101, page 363 and cases cited in note 12.

 The facts in this case indicate a conflict in the evidence as to whether the intersection at which this accident occurred was lighted. Resolving the facts in this connection most favorably to the plaintiff, since there is no duty to light streets, the defendant was not negligent if it failed to do so.

There were no defects or obstructions in the street itself. The embankment encountered by the plaintiff's husband was outside of the traveled portion of the street. Since no duty was imposed upon the city of Grand Forks in connection with any of the alleged acts of negligence urged as a basis for recovery, the plaintiff's action fails. There

is no actionable negligence shown upon which the plaintiff can predicate liability.

The plaintiff cites the following cases as a basis for recovery against the defendant: Ludlow v. City of Fargo, 3 N.D. 485, 57 N.W. 506; Chacey v. City of Fargo, 5 N.D. 173, 64 N.W. 932; Heckman v. Evenson, 7 N.D. 173, 73 N.W. 427; Wells v. City of Lisbon, 21 N.D. 34, 128 N.W. 308; Jackson v. City of Grand Forks, 24 N.D. 601, 140 N.W. 718, 45 L.R.A., N.S., 75; Anderson v. City of Jamestown, 50 N.D. 531, 196 N.W. 753; Maloney v. City of Grand Forks, 73 N.D. 445, 15 N.W.2d 769.

Ludlow v. Fargo, supra, involved an unlighted, unguarded ditch across the street. Chacey v. Fargo, supra, involved a loose block in a public sidewalk. Heckman v. Evenson, supra, was a suit against an abutting owner for injuries caused by a load of stones piled by him on the public street next to the sidewalk. Wells v. Lisbon, supra, involved an improperly lighted excavation in the public street. Jackson v. Grand Forks, supra, involved rough snow and ice on a public sidewalk. Anderson v. Jamestown, supra, involved a hole in a sidewalk which had been there for a long time. Maloney v. Grand Forks, supra, involved an unevenness or depression in the public sidewalk. None of these cases are similar on the facts to the case at bar.

The following cases, in addition to those cited by the plaintiff and appellant, also deal with obstructions and defects in streets and sidewalks, or adjacent thereto: Ouverson v. City of Grafton, 5 N.D. 281, 65 N.W. 676; Larson v. Grand Forks, 3 Dak. 307, 19 N.W. 414; Sanders v. Reister, 1 Dak. 151 (145), 46 N.W. 680; Braatz v. City of Fargo, 19 N.D. 538, 125 N.W. 1042, 27 L.R.A.,N.S., 1169; Gagnier v. Fargo, 11 N.D. 73, 88 N.W. 1030; Pyke v. City of Jamestown, 15 N.D. 157, 107 N.W. 359; Johnson v. City of Fargo, 15 N.D. 525, 108 N.W. 243.

Ouverson v. Grafton, supra, involved a threshing machine left by the city on the public street. Larson v. Grand Forks, supra, involved an over-hanging awning on sidewalk which fell and injured the plaintiff.

Sanders v. Reister, supra, was an action against the abutting owner for an accident caused by a hole adjoining the public street. Braatz v. Fargo, supra, involved injuries sustained when a woman, frightened by the whistle of a bicycle rider, stepped off the sidewalk into a drainage ditch under it. Gagnier v. Fargo, supra, involved injuries to a bicycle rider on a defective sidewalk. Pyke v. Jamestown, supra, involved a defective public sidewalk with a hole where a portion of the block was out. Johnson v. Fargo, supra, involved a wire from a fruit stand fastened to the sidewalk.

These are all the North Dakota cases that have come to our attention, except the case of Trihub v. City of Minot, 74 N.D. 582, 23 N.W.2d 753. All of them, with the exception of the Trihub case, involve the common law rule that a city is liable in damages for defects in its streets or sidewalks. These cases are not in point here. They involve entirely different facts and circumstances than the case at bar.

We believe that the Trihub case is no authority on either side of the issues involved in this action. That case involved an unprotected "coal pit" immediately beyond the end of a dead end street. The case does not disclose who erected the barrier on the south side of the coal pit. It is apparent from the facts, however, that the coal pit was extremely hazardous and inherently dangerous to motorists. It was fifteen feet wide, twenty-two feet long, and the depth of the floor of the coal bin in the pit was nine feet from the top of the wall as originally constructed across the south end of the pit and bin at the property line at the north end of Third Street S. W., Minot, North Dakota. The cause of action of the plaintiff, whose husband died as a result of driving through this barricade, was predicated upon the negligence of defendants in permitting the barricade to become dilapidated and to allow the coal pit to be without proper protection. This situation created a dangerous pitfall to a traveler. That case is distinguishable from the case at bar on the facts. Here the facts show that the plaintiff's husband drove off the traveled portion of the highway into a place which was not in itself dangerous, and does not, in any sense, come within the exception to the rule as set forth in Henderson v. City of St. Paul, 216 Minn. 122, 11 N.W.2d 791.

A multitude of cases involving facts more or less similar to those involved here could be cited, but it would serve no useful purpose, as they conclusively establish that under similar facts and circumstances there is no duty or want of care on behalf of a municipal corporation, and consequently no negligence or liability for damages.

■ It is sufficient under the ordinary standard of care for a city to maintain its streets, alleys and sidewalks, free from defects or from creating extraordinary or unusual hazards. This has been well expressed in the case of Waldorf v. City of Alhambra, 6 Cal.App.2d 522, 45 P.2d 207, 209:

"Nor do we think that the city is chargeable with liability in failing to maintain' barriers, lights or warning signs or notices at the point of 'offset' or 'jog' in the street. In almost every city of size in this state some streets are laid out and improved without uniformity as to width or direction, resulting in so-called 'jogs,' 'offsets,' or 'goosenecks,' some ending at cross streets and some even forming cul-de-sacs. We are convinced that the law does not require a municipality to maintain either barriers or warning devices at 'jogs' or 'offsets' of the construction, nature, and appearance of that described in the complaint herein. To the prudent operator of a motor vehicle, acting within the scope of the law governing his own conduct in traversing a public street in the nighttime, the pavement, curb, sidewalk, and the parkway with the trees or poles therein constitute a barrier or warning sufficient to avert disaster and as readily visible to the alert driver as a sign informing him of the condition; there being nothing to conceal the real condition nor to deceive the operator of an approaching automobile while driving at a lawful rate of speed with due caution."

There was nothing to conceal the fact that Ninth Avenue South did not proceed directly westward. Nor was there anything to prevent a prudent operator of a motor vehicle from observing that Ninth Avenue South jogged to the right.

Under all the facts and circumstances, the defendant was not guilty of any negligence and no liability exists for damages to the plaintiff.

The acts urged by the plaintiff and appellant as negligence on the part of the defendant, as a matter of law, do not constitute a cause of action against the defendant. Since, as a matter of law, the plaintiff did not prove an action against the defendant, the granting of the defendant's motion to dismiss and the entry of judgment on the merits thereon, if error, was error without prejudice and will not be disturbed on appeal. The judgment of the trial court is affirmed.

BURKE, C. J., and GRIMSON, MORRIS and SATHRE, JJ., concur.