# PRICE E. MORRIS v. OCCIDENT ELEVATOR COMPANY.

(157 N. W. 486.)

**Complaint — first assailed — by general objection to evidence — trial court — all favorable presumptions indulged — construed as sufficient — when possible.**

1. Where a complaint is assailed for the first time by a general objection upon the trial, every presumption will be indulged in favor of the pleading, and the pleading construed as sufficient, if it is reasonably possible to do so.

**Trial court — complaint — construction of — answer — leave granted to amend — in conformity — cause — trial of — theory — defendant — appeal — cannot complain on.**

2. Where the trial court places a certain construction upon a complaint, and the defendant asks for and obtains leave to amend his answer to conform to the trial court's construction, and the cause is tried upon such pleadings and such theory, the defendant cannot be heard to say on appeal that the trial court's construction and rulings made prior to the amendment of the answer were erroneous.

**Goods sold — price or value — action to recover — burden of proof — contract of sale — terms thereof — price or value — delivery — acceptance — amount.**

3. In an action to recover the price or value of goods sold, the burden is on the plaintiff to prove, among other things, the existence and validity of the contract of sale, and the terms thereof, the price or value, the delivery and acceptance of the goods, and the amount thereof.

Opinion filed March 20, 1916.

From a judgment and an order denying a motion for a new trial of the District Court of Foster County, *Coffey,* J., defendant appeals.

Reversed.

*Watson & Young* and *E. T. Conmy,* for appellant.

The first requirement of a pleading is that it should be certain and definite, a statement of succinct and definite facts, in concise form, to the end that the defendant may be fully informed thereby of the true nature and extent of the cause of action against which he is called upon to defend. Sutton v. Todd, 24 Ind. App. 519, 55 N. E. 981.

The complaint must be framed upon a distinct theory. Corbin Oil

Co. v. Searles, 36 Ind. App. 215, 75 N. E. 294; Grentner v. Fehren-schield, 64 Kan. 764, 68 Pac. 620; Clyde v. Johnson, 4 N. D. 96, 58 N. W. 512.

The complaint does not allege a sale nor a contract to sell the grain to defendant. 19 Enc. Pl. & Pr. 26.

"The sale and delivery, being the essential facts upon which the right of the plaintiff depends, should be distinctly averred." 35 Cyc. 551; 1 Chitty, Pl. 16th ed. 310; 9 Cyc. 712, 717, 718; Smith v. Perham, 33 Mont. 309, 83 Pac. 493; Re Columbus Buggy Co. 74 C. C. A. 611, 143 Fed. 861; Drudge v. Leiter, 18 Ind. App. 694, 63 Am. St. Rep. 359, 49 N. E. 34; Metropolitan Nat. Bank v. Benedict Co. 20 C. C. A. 377, 36 U. S. App. 604, 74 Fed. 182.

The averments of the complaint are more nearly in harmony with the theory of a bailment or agency, by which the defendant was to handle the grain for plaintiff. Gilman v. Gilby Twp. 8 N. D. 627, 73 Am. St. Rep. 791, 80 N. W. 889; Walker v. Butterick, 105 Mass. 237.

Plaintiff cannot recover, under the complaint, against defendant as agent, no negligence being claimed or shown. Walker v. McCaull, 13 S. D. 512, 83 N. W. 578; 19 Cyc. 143, 146; Brink v. Dolsen, 8 Barb. 337; Kane v. Cook, 8 Cal. 457.

No demand is alleged in the complaint. The law requires a demand upon an agent, before recovery can be had. Anderson v. Hulme, 5 Mont. 295, 5 Pac. 865; Burns v. Pillsbury, 17 N. H. 66; Kane v. Cook, 8 Cal. 457; Collin v. Burton, 3 Mo. 315; Baird v. Walker, 12 Barb. 298; Cooley v. Betts, 24 Wend. 203; Ferris v. Paris, 10 Johns. 285; 1 Estes, Pleadings & Forms, pp. 354, 355; Judah v. Dyott, 3 Blackf. 324, 25 Am. Dec. 112.

A question asked as to whether plaintiff sold the grain calls for a mere conclusion, and an objection thereto should be sustained. Rea v. Schow & Bros. 42 Tex. Civ. App. 600, 93 S. W. 707; Ward v. Dickson, 96 Iowa, 708, 65 N. W. 999; Norris v. Equitable Fire Asso. 19 S. D. 114, 102 N. W. 306; Thompson v. Brannon, 94 Ky. 490, 21 S. W. 1057; Shaw v. Gilmer, — Tex. Civ. App. —, 66 S. W. 679; Fred J. Kiesel & Co. v. Sun Ins. Office, 31 C. C. A. 515, 60 U. S. App. 10, 88 Fed. 249.

Testimony as to handling of the grain by defendant is competent,

under a general denial, as tending to show whether or not the transaction was a sale.   Alpert v. Bright, 74 Conn. 614, 51 Atl. 521.

In an action for goods sold, in which defendant, under the general issue, endeavored to establish that he acted merely as a commission merchant, for plaintiff, the burden of proof as to such defense is not on defendant.   J. I. Case Plow Works v. Morris, 17 Tex. Civ. App. 6, 42 S. W. 652; Brown v. Holbrook, 4 Gray, 102.

The burden of establishing a sale, or contract for a sale, of goods, is on plaintiff.   He must prove all the essential elements, sale and delivery, acceptance, value, amount and price, terms, and conditions. Ellerbee v. Cleveland, 93 Ala. 591, 9 So. 619; McWilliams v. Phillips, 71 Ala. 80; Jones, Ev. 2d ed. pp. 204 et seq.; Chittim v. Martinez, 94 Tex. 141, 58 S. W. 948; Burton v. Mason, 26 Iowa, 393; Ulmer v. McDonnell, 11 N. D. 391, 92 N. W. 482.

Also, that the minds of the parties met.   Kelly v. Wheeler, 22 S. D. 611, 119 N. W. 994; Barton-Parker Mfg. Co. v. Taylor, 78 Ark. 586, 94 S. W. 713; Barney v. Fuller, 133 N. Y. 605, 30 N. E. 1007; Durgin v. Smith, 133 Mich. 331, 94 N. W. 1045; A. Hirschman Co. v. Kiewel, 79 Minn. 239, 82 N. W. 574; Weir v. Long, 145 Ala. 328, 39 So. 974.

The burden is on plaintiff to establish a contract of sale, under his theory of the case, and if the evidence shows the contract to be one of agency, he cannot recover.   Alpert v. Bright; J. I. Case Plow Works v. Morris; and Brown v. Holbrook,—supra; Re Harris, 214 Fed. 482; Sioux Remedy Co. v. Lindgren, 27 S. D. 123, 130 N. W. 50; Gilman v. Gilby Twp. 8 N. D. 627, 73 Am. St. Rep. 791, 80 N. W. 889; Walker v. Butterick, 105 Mass. 237; Sturm v. Boker, 150 U. S. 329, 37 L. ed. 1100, 14 Sup. Ct. Rep. 99; Lenz v. Harrison, 148 Ill. 598, 36 N. E. 567; Union Stock-Yards & Transit Co. v. Western Land & Cattle Co. 7 C. C. A. 660, 18 U. S. App. 438, 59 Fed. 49; Ampel v. Seifert, 84 N. Y. Supp. 123; Ulmer v. McDonnell, 11 N. D. 391, 92 N. W. 482.

Defendant fully complied with the contract; it used due care in the performance of its duties and paid over all proceeds from the sale of the grain, as provided by the contract.   40 Cyc. 429, 430; Story, Bailm. pp. 408, 409, 464, 465, 479; 31 Cyc. 1467; Hopper v. Wells, F. & Co. 27 Cal. 11, 85 Am. Dec. 211; Christenson v. American Exp.

33 N. D.—29.

Co. 15 Minn. 270, 2 Am. Rep. 122, Gil. 208; Teall v. Sears, 9 Barb. 320.

There is no evidence of negligence on the part of defendant. Story, Bailm. pp. 421, 422; Sigerson v. Pomeroy, 13 Mo. 620; Phillips v. Moir, 69 Ill. 156.

*T. F. McCue,* for respondent.

(Written brief, but no authorities cited).

CHRISTIANSON, J. In December, 1911, the plaintiff delivered to the defendant at its elevator at Sykeston, North Dakota, 1,130 bushels and 50 pounds of flaxseed. It is conceded that the plaintiff did not receive payment for 48¾ bushels of flax so delivered. The dispute arises over the terms of the oral agreement under which the flax was delivered. The plaintiff contends that the flax was delivered to the defendant under a contract of purchase and sale, and that the defendant purchased said flax, and agreed to pay plaintiff therefor the price per bushel that said flax would sell for in the market at Minneapolis, less the freight charges, inspection, storage, and commission. The defendant admits that it received the quantity of flax in question, but "denies that said flax was delivered to this defendant under a contract whereby defendant agreed to buy said flax, but alleges that said flax was delivered to this defendant by plaintiff under contract whereby defendant agreed to handle said flax for plaintiff by running said flax through the elevator and loading it on car to be transported to Minneapolis, there to be sold by said defendant as commission merchants for said plaintiff." The case was tried to a jury and resulted in a verdict in plaintiff's favor in the sum of $89.30, with interest at 7 per cent from December 26, 1911. Judgment was entered pursuant to this verdict, and defendant appeals from the judgment and the order denying its motion for a new trial.

Appellant assails the sufficiency of plaintiff's complaint, and asserts that it is too uncertain and indefinite, and alleges neither a sale nor a contract to sell, and also fails to allege facts sufficient to show that plaintiff is entitled to recover from defendant as his agent or broker. No demurrer was interposed. Nor did defendant ask that the complaint be made more certain and definite. The complaint was assailed for the first time upon the trial by an objection to the introduction

of any evidence thereunder. This court has repeatedly held that a complaint challenged by such objection will be liberally construed and sustained if it is reasonably possible to do so. The complaint was somewhat vague, and there was some room for doubt as to whether it intended to charge a contract of sale or a contract of brokerage. If construed as charging a contract of brokerage or agency, it did not state a cause of action; but, if construed as charging a contract of sale, it stated a cause of action. The trial court properly adopted the construction which would sustain the pleading.

On cross-examination of plaintiff, defendant's counsel offered certain documentary evidence for the avowed purpose of showing that the agreement between plaintiff and defendant was not a contract of sale, but merely an agreement whereby defendant agreed to act as plaintiff's agent in disposing of the flax. In ruling on and sustaining the objection interposed to this evidence by plaintiff's counsel, the court said: "There is a general denial filed here to this complaint. The plaintiff claims the sale was made at the point of shipment. Of course, on that theory of the case it would not be material." Defendant asserts that this ruling was erroneous, and that such evidence was admissible under a general denial. It is unnecessary for us to consider the correctness of the ruling as the question is not before us. The record shows that immediately following such ruling, defendant's counsel asked for and obtained leave to amend the answer by setting up as a special defense that the defendant did not buy the flax from the plaintiff, but merely agreed to handle it for him as his agent. The answer was amended accordingly, and the trial proceeded upon the issues as framed by the amended answer. By acquiescing in the ruling and amending the answer in conformity therewith, defendant waived the error, if any. (Comp. Laws 1913, § 7250.) And as defendant was permitted to introduce, and did introduce, the evidence in question under the amended answer, it is obvious that it could not possibly be prejudiced by its exclusion under the former ruling.

We are, also, satisfied that there is no merit in appellant's assignments of error assailing the sufficiency of the complaint. As already stated, such question was first raised by a general objection upon the trial. Defendant's counsel acquiesced in the construction placed upon the complaint by the trial court, and amended the answer to conform

to said ruling; and the allegations in the amended answer, portions of which we have quoted above, were formulated on the theory that plaintiff's complaint alleged a contract of sale. The case was tried in the court below on this theory. No objection was made by defendant's counsel to the introduction of any of the evidence offered by plaintiff on the ground of variance. Under these circumstances it seems self-evident that defendant is in no position at this time to attack the complaint on the grounds that it is uncertain or indefinite, or that the evidence offered and received was variant therefrom.

Appellant also challenges the sufficiency of the evidence to sustain the verdict. This question was raised in the trial court both by motion for a directed verdict and by an alternative motion for judgment notwithstanding the verdict or a new trial. It is conceded that neither the complaint nor the proof justified a recovery against defendant as a broker, but that plaintiff must recover, if at all, upon a contract of sale. The question, therefore, is whether there is any substantial evidence tending to establish such contract. The plaintiff had the affirmative of the issue, and the burden was on him "to prove the existence and validity of the contract of sale, and the terms thereof, the price or value, the delivery and acceptance of the goods and the amount thereof, and his compliance with the contract, or a waiver of its provision by the buyer." 35 Cyc. 564. See also Starke v. Stewart, ante, 359, 157 N. W. 302.

The alleged contract rested in parol, and plaintiff in his direct examination testified in regard thereto as follows:

Q. Now, you may state what was said between yourself and the agent, Mr. Haven, with reference to this flax, what was done?

A. He was to put it in the cars and ship it to the Occident Elevator Company, run it through the house at 1 cent per bushel, he shipped it to the Occident Elevator Company, and I was to have,—

Q. Did you deliver the flax to the company there?

A. Yes, sir.

Q. Now, with reference to fixing the place, state whether or not you sold the flax to the elevator company at that time?

Mr. Merrell: Objected to as calling for a conclusion.

The Court: Overruled; calls for a conclusion of fact.

A. *I considered it virtually a sale;* I was to pay the freight.

Q. Was you to pay the freight, Mr. Morris; just give us what the agreement was?

A. I was to get the net price less the freight, 1 cent for running it through the house,—

Q. Now state,—

A. The commission charges.

Q. Proceed?

A. And what other incidental expenses that might be incurred.

Q. Now, in that oral talk that you had there, they were to pay you the Minneapolis price, market price for this grain?

A. Less these expenses.

Q. Less these expenses?

A. Yes, sir.

Q. Now, you may give the expenses?

A. Well, it was for putting it through the house.

Q. How much was that?

A. One cent per bushel.

Q. What else?

A. The freight expenses, 13 cents per hundred, I think.

Q. From Sykeston to Minneapolis?

A. From Sykeston to Minneapolis; the commission for selling.

Q. And the commission?

A. And what other, other few little incidental expenses.

The defendant's agent denied absolutely that he purchased the flax, and asserted that he merely agreed to handle the same and sell it for the plaintiff and account to him for the proceeds thereof. It is true, defendant's agent consigned the shipment as a shipment from defendant at Sykeston to itself at Minneapolis, but it is also true that defendant's agent sent the bill of lading for the car to the plaintiff, and the evidence, also, tends to show that the plaintiff took this bill of lading to a bank and drew a sight draft against the defendant for $1,500, and that defendant paid such draft and received the bill of lading. Plaintiff's own testimony tends to establish a brokerage contract, rather than a sale.

In our opinion there is no substantial evidence tending to establish

the fact that plaintiff sold the flax to defendant.  The judgment and order are therefore reversed, and the cause is remanded with directions that the trial court dismiss the action.