**CITY OF MANDAN, Plaintiff
and Appellant,**

v.

**MI–JON NEWS, INC., Defendant
and Appellee.**

**Civ. No. 10941.**

Supreme Court of North Dakota.

Jan. 22, 1986.

Gallagher Law Firm, Mandan, for plaintiff and appellant; argued by Sharon A. Gallagher. Appearance by Richard P. Gallagher.

Pulkrabek & Tuntland, Mandan, and Arthur M. Schwartz, P.C., Denver, Colo., for defendant and appellee; argued by Michael W. Gross. Appearance by Benjamin C. Pulkrabek.

LEVINE, Justice.

The City of Mandan (Mandan) appeals from two district court judgments and an

order denying its motion for a new trial of a portion of the proceedings arising out of its action to enjoin violation by Mi-Jon News, Inc. (Mi-Jon) of ordinances relating to the location and licensing of adult establishments. We affirm.

By complaint dated March 31, 1983, Mandan sued to enjoin Mi-Jon from operating an adult establishment in a "CB" zoning district at 116 East Main Street. The complaint alleged that Mi-Jon was operating an adult establishment without a license to do so, in violation of Mandan Ordinance No. 655,[1] and that the adult establishment was located in an unauthorized zoning district, in violation of Mandan Ordinance No. 657.[2]

The action was tried on August 28, 1984. On January 21, 1985, the trial court issued its memorandum opinion, findings of fact, conclusions of law, and order for judgment. The judgment entered on January 22, 1985, ordered that:

> "The defendant and all persons acting under it be, and they hereby are, enjoined permanently from using ... the premises ... at 116 East Main Street ... as an 'adult bookstore' as defined by the Zoning and Licensing Ordinances of the City of Mandan ... and that such operations shall be discontinued at such location not later than thirty (30) days from the date of Entry of Judgment herein; ..."

Mi-Jon filed a motion for a new trial, which Mandan opposed. The motion was denied. On February 22, 1985, Mandan petitioned to have Mi-Jon found in contempt for continuing to operate an adult bookstore at 116 East Main Street. The trial court ordered Mi-Jon to appear before the court on March 1, 1985, to show cause why it should not be held in contempt of the January 22 judgment.

After the March 1 hearing, the trial court found Mi-Jon in contempt of the court's order to discontinue operation of an adult bookstore at 116 East Main Street and ordered Mi-Jon to appear on March 7, 1985, to present its efforts to bring its operation into compliance and purge itself of contempt.

After the March 7 hearing, the trial court issued the following findings of fact and conclusions of law on March 14, 1985:

---

1. Ordinance No. 655 defines the terms adult bookstore, adult establishment, adult motion picture theater, adult mini-motion picture theater, massage, massage business, sexually oriented devices, specified anatomical areas, and specified sexual activities in the same way as they are defined in § 40–05–17(1), N.D.C.C. The ordinance also defines "person" and it defines "mechanical amusement device" as follows:

   > " 'Mechanical amusement device' means a machine which upon insertion of a coin or the payment of consideration, operates or may be operated to depict, display, or project, directly or indirectly, pictures, photographs or other visual images, a preponderance of which are distinguished or characterized by an emphasis on matters depicting, describing, or relating to specified sexual activities or specified anatomical areas as defined in this seciton [sic], for observation by patrons."

   Ordinance No. 655 provides that no person shall engage in the business of an adult bookstore, adult motion picture theater, adult mini-motion picture theater, massage business or the business of providing mechanical amusement devices without first obtaining a license to do so. The ordinance also provides in pertinent part: (1) that no license shall be issued for an adult establishment if the adult establishment is to be located in the same building as any other licensed adult establishment or is to be located in any building in which sexually-oriented devices are contained; (2) that no license shall be issued for mechanical amusement devices unless the devices are to be located on the premises of a licensed adult motion picture theater or adult mini-motion picture theater; and (3) that no license shall be issued for an adult establishment unless it is located within the proper zoning district.

2. After stating the definitions contained in Ordinance No. 655 (except for "Mechanical amusement device" and "Person"), Ordinance No. 657 provides in pertinent part:

   > "(11) *Adult Establishment.* Notwithstanding anything in this zoning ordinance to the contrary, an adult establishment shall be permitted only in a MB or MD Industrial District and in no other districts, providing the establishment meets the following conditions:
   >
   > \* \* \* \* \* \*
   >
   > (b) No building ... that contains any adult establishment ... shall contain any other kind of adult establishment; and
   >
   > (c) No building ... in which sexually oriented devices ... are sold, distributed, exhibited, or contained shall contain any other adult establishment."

*"Findings of Fact*

"1. That from February 22, 1985 through March 1, 1985, the defendant, Mi-Jon News, Inc., willfully continued to operate an adult bookstore at 116 East Main Street, Mandan, North Dakota.

"2. That on March 7, 1985, the defendant, Mi-Jon News, Inc.'s operation was no longer that of an adult bookstore as defined by the City's ordinance.

\* \* \* \* \* \*

*"Conclusions of Law*

"1. That defendant, Mi-Jon News, Inc. was in willful contempt of this Court's Order entered January 22, 1985 for the period February 28 [sic], 1985 through March 1, 1985 by operating an adult bookstore in a prohibited zone.

\* \* \* \* \* \*

"3. That as of March 7, 1985 the defendant had brought its operation into compliance with the City's zoning ordinance and this Court's Order and therefore had purged itself of contempt."

The court ordered the entry of judgment imposing a fine of $1,750 and ordering Mi-Jon to pay costs, expenses and attorney fees. The fine was suspended on the condition that Mi-Jon continue to comply with Mandan's zoning ordinances and the January 22 judgment. Judgment was entered accordingly on March 20, 1985.

On March 20, 1985, Mandan appealed from the January 22 judgment. On April 1, 1985, Mandan, pursuant to Rule 59(b), (h), and (j), N.D.R.Civ.P., moved for a new trial of the contempt proceedings held on March 1 and March 7, which culminated in the March 20 judgment. The trial court denied Mandan's motion for a new trial. Mandan appealed from the judgment entered on March 20 and from the order denying its motion for a new trial in the contempt proceedings.

The appeals were consolidated and Mandan has raised the following issues:

"1. Did the Court err in failing to make findings of fact, conclusions of law and to enter judgment upon the alleged ordinance violations of the defendant's business operation relating to mechanical amusement devices and sexually oriented devices?

"2. Did the Court err in failing to retrospectively apply as a rule of evidence the provisions of 40–05–17(2) N.D.C.C., as amended (S.L.1983, Ch. 456)?

"3. Did the Court err in ruling that Mi-Jon had purged itself of contempt and was in compliance with the City's licensing and zoning ordinances relating to adult establishments?"

I.

The January 22 judgment enjoined Mi-Jon from operating an adult bookstore at 116 East Main Street because Mandan's ordinances do not permit the operation of an adult bookstore at that location. The judgment did not address the presence of mechanical amusement devices and sexually-oriented devices in the bookstore. The trial court stated in its findings of fact:

"Present also were sex-oriented devices, potions and the like.

"Movie booths from a prior occupant who was enjoined, on November 10, 1982, from operation at the location were still in operation. However, in this action the City makes no claim as to a violation of the licensing provisions of the ordinances as to such mini-theaters. The City's lawsuit by its very wording and by the stipuation [sic] made in open court by the assistant city attorney focuses this case *only* on the bookstore aspect of the business. Therefore, the Court does not concern itself with whether the defendant's business involves the sale of sexually oriented devices or whether it operates adult mini-motion picture theaters or mechanical amusement devices, all of which are defined by the same ordinance which defines an adult bookstore. Correspondingly, evidence of such devices or theaters is irrelevant to the decision concerning the

bookstore aspect of the defendant's business and are ignored by the Court."

Mandan asserts that there was no stipulation to exclude the issues of mechanical amusement devices and sexually-oriented devices. Mandan also asserts that the evidence showed such devices were present on the premises in violation of its zoning and licensing ordinances prohibiting such devices on the premises of an adult bookstore. Mandan requests that we remand this case for the entry of findings of fact, conclusions of law, and order for judgment "with respect to the mechanical amusement devices and sexually oriented devices in relation to the City's ordinances."

█ From our review of the record, it is apparent to us that, although there was confusion generated by statements of counsel for Mandan, the trial court was mistaken in determining that there was a stipulation to exclude issues relating to mechanical amusement devices and sexually-oriented devices and to focus "this case *only* on the bookstore aspect of the business." It is also apparent that Mandan provided the trial court with no opportunity to correct the mistake, thereby perhaps preventing an unnecessary appeal to this Court, before Mandan sought a contempt order on February 22 to enforce the January 22 judgment.

█ Rule 52(b), N.D.R.Civ.P., provides an appropriate vehicle for drawing the court's attention to a mistake about a stipulation to limit the issues. Similarly, Rule 59(j), N.D.R.Civ.P., provides an appropriate vehicle for a party such as Mandan to draw the court's attention to its view that through mistake the court has not granted it all the relief to which it is entitled. While neither a Rule 52 motion nor a Rule 59 motion is a prerequisite for appellate review (5A and 6A *Moore's Federal Practice* ¶ 52.11[4] and ¶ 59.14), such motions are advisable when favorable action by the trial court will obviate the necessity of an appeal.

By failing to file either a Rule 52(b) motion or a Rule 59(j) motion, Mandan precluded the trial court from determining what, if any, effect correction of its mistaken determination may have had on the trial court's findings, conclusions, and order for judgment. *See McKechnie v. O'Neil*, 252 N.W.2d 875 (N.D.1977).

In its February 6, 1985 return to Mi-Jon's motion for a new trial, Mandan stated, among other things, that "[t]he evidence was sufficient to justify the judgment and the judgment was not contrary to North Dakota law." This indication to the trial court that Mandan was content with the judgment, coupled with its acceptance of the benefits of the judgment[3] through its petition to have Mi-Jon found in contempt, and its failure to file any Rule 52(b), N.D. R.Civ.P., or Rule 59(j), N.D.R.Civ.P., motions, or in any other way to provide the trial court an opportunity to correct its error or to determine what, if any, effect correction of its mistake would have had on the court's findings, conclusions, and order for judgment, leads us to conclude that we should deny Mandan's request for a remand.

Mandan acknowledged at oral argument that it could commence a new proceeding as an alternative to a remand. Presumably, since the issues of Mandan's power to regulate the location of adult establishments and the constitutionality of the ordinances, both on their face and in their application, have already been litigated in this action, the issues in a new proceeding

---

3. Mandan accepted the benefits of the January 22 judgment when it petitioned, on February 22, to have Mi-Jon found in contempt of that judgment.

"As a general rule, where a party, knowing the facts, voluntarily accepts substantial benefits accruing to him under a judgment, such acceptance operates as a waiver of the right to appeal from the judgment...." [Citations omitted.] *Sulsky v. Horob*, 357 N.W.2d 243, 245–246 (N.D.1984).

Mandan's acceptance of the benefits of the judgment alone might not be dispositive because its appeal would not "overthrow the right of which he has availed himself." *See Sulsky v. Horob, supra*, 357 N.W.2d at 246, *quoting Tuttle v. Tuttle*, 19 N.D. 748, 124 N.W. 429, 430 (1909). It is, however, something that we may consider in conjunction with Mandan's request for a remand.

would be much more narrowly focused than they were in the trial of this action. Under the circumstances, we believe that the institution of new proceedings would be preferable to a remand for further proceedings in this action.

## II.

Relying on *State v. Unterseher*, 255 N.W.2d 882 (N.D.1977), and cases cited therein, Mandan next asserts that the trial court erred in failing to apply as a rule of evidence the provisions of § 40–05–17(2), N.D.C.C.[4] We disagree.

Without defining "preponderance", Section 40–05–17(2), N.D.C.C., enumerates a number of factors that may, but need not, be considered in determining whether or not an establishment displays, sells, distributes, or exhibits a preponderance of materials distinguished or characterized by their emphasis on matter depicting, describing, or relating to specified sexual activities or specified anatomical areas. The statute was enacted (S.L.1983, Ch. 456) after Mandan commenced this action.

█ Section 1–02–10, N.D.C.C., provides that "[n]o part of this code is retroactive unless it is expressly declared to be so." In applying § 1–02–10, N.D.C.C., we have in the past distinguished between substantive statutes and procedural or evidentiary statutes. Since *State v. Unterseher, supra*, was decided, however, we have determined that § 1–02–10, N.D.C.C., applies to all statutes.

"We conclude that § 1–02–10, N.D. C.C., applies to all statutes enacted by the legislature regardless of whether they are substantive or procedural. All statutes enacted by the legislature are to be applied prospectively, *i.e.*, they are to be applied only to causes of action that arise after the effective date of the statute, unless the legislature clearly expresses that they are to be applied retroactively." [Footnote omitted.] *Reiling v. Bhattacharyya*, 276 N.W.2d 237, 240–241 (N.D.1979).

*See also, State v. Goodbird*, 344 N.W.2d 483 (N.D.1984); *Fortier v. Traynor*, 330 N.W.2d 513 (N.D.1983); *State v. Kaufman*, 310 N.W.2d 709 (N.D.1981). The Legislature did not expressly declare § 40–05–17(2), N.D.C.C., to be retroactive. The trial court did not err in failing to apply § 40–05–17(2), N.D.C.C.

Additionally, we note that with the exception of "the totality of the circumstances," which "the governing body or factfinder *shall* consider," (emphasis added) the statute is permissive, not mandatory, in nature. The statute provides that "the governing body or factfinder ... *may* consider" any of the eight factors listed (emphasis added). Thus, consideration of the eight listed factors is discretionary.

## III.

In its memorandum opinion leading to the January 22 judgment, the trial court found that "the preponderance of the inventory of the defendant is such that the defendant's business fits within the ordinance definition of an adult bookstore"; concluded that "[t]he defendant is in viola-

---

4. *"40–05–17. City restriction of adult establishments—Definitions.*

　　*　　*　　*　　*　　*　　*

"2. A determination of preponderance need not be based on whether or not a numerical majority or plurality of the materials are distinguished or characterized by their emphasis on matter depicting, describing, or relating to *specified sexual activities or specified anatomical areas*. When making a determination as to whether an establishment displays, sells, distributes, or exhibits a preponderance of materials which are so distinguished or characterized, the governing body or factfinder shall consider the totality of the circumstances and may consider, among other factors deemed relevant, any of the following:

　　a. Dominant theme of the establishment.
　　b. Total impression of the emphasis placed on such materials by the establishment.
　　c. Externalities of the establishment including but not limited to the manner of packaging or display and advertising which demonstrates the dominant theme or emphasis being placed on such materials by the establishment.
　　d. Obtrusive characteristics of the materials which tend to distract from and dominate the other classes of materials.
　　e. Manner of display of the materials.
　　f. Advertising emphasis.
　　g. Whether the establishment prohibits minors from entering the premises or any portion thereof."

tion of the ordinance;" and ordered judgment enjoining the defendant from operating an adult bookstore at its present location and ordering the discontinuance of the adult bookstore not later than 30 days from entry of judgment.

After the March 1 contempt hearing, the trial court determined that Mi-Jon was still operating an adult bookstore and found that it was in contempt of court for violating the previous order to discontinue operation of an adult bookstore at its present location. After the March 7 hearing, the trial court found that Mi-Jon's "operation was no longer that of an adult bookstore" and concluded that Mi-Jon "had brought its operation into compliance with the City's zoning ordinance and this Court's Order and therefore had purged itself of contempt."

Mandan urges three grounds in support of its assertion that the trial court erred in determining that Mi-Jon had purged itself of contempt and was in compliance with the ordinances: (1) the trial court failed to apply the appropriate standard of review to Mandan's exercise of its police powers; (2) the trial court erred in finding that Mi-Jon had brought its business into compliance with the ordinances; and (3) the trial court erred in failing to consider all relevant factors.

At the March 7 hearing, Mandan's assessor and building inspector opined that Mi-Jon's business was still an adult bookstore. Mandan urges that in reviewing the actions of the city officials charged with enforcing Mandan's ordinances, the court could not substitute its judgment for that of the city officials and that the standard of review that the trial court should have applied was "whether the city officials' determinations were unreasonable, arbitrary or oppressive and whether there was sufficient evidence to support their determination."

This action was not one to review an administrative decision, but one for an injunction. When Mandan filed an action to enjoin Mi-Jon from violating its ordinances, Mandan invoked the trial court's judgment and discretion in interpreting the ordinances, weighing the evidence, finding the

facts, and applying the law. We agree with the trial court's statement in denying Mandan's motion for a new trial:

"... the City now asserts that at the purge hearing the Court could only review the decisions by the city officials and must accept those decisions unless it finds them unreasonable. (Page 2, City's Brief.) The City misses a significant distinction. In the Court's original decision it said that a city official's *interpretation* of an ordinance is entitled to *some* weight. The Court did *not* say that the city official's *opinion* as to whether the defendant is in *conformity* with an ordinance is *binding* on the Court. Further, this is not a case of administrative review. This is a lawsuit wherein the City asked this court to define a standard found in an ordinance and apply that standard to the facts. In furtherance of that quest, the city officials are merely presenters of facts as they find them to exist. The Court alone must decide in the lawsuit if the defendant is in conformity with the ordinance. A city official may have an opinion as to nonconformity but it is surely not binding on the Court as attempted to be asserted by the City." [Emphasis in original.]

■ "[U]pon appeal appellant must show error on the part of the court." *Trihub v. City of Minot*, 74 N.D. 582, 23 N.W.2d 753, 754 (1946). Our review of the record leads us to conclude that the trial court did not err in determining that Mi-Jon's "operation was no longer that of an adult bookstore" and that Mi-Jon "had brought its operation into compliance with the City's zoning ordinance and this Court's Order and therefore had purged itself of contempt."

The record indicates that since March 1 Mi-Jon had taken a number of steps to meet the objections and criteria expressed by the city officials at the trial and the March 1 hearing. Unrefuted testimony at the March 7 hearing showed that since March 1: (1) the curtain separating general material from adult material was removed; (2) there no longer are any signs prohibiting persons under the age of 21 from entering the store or any part of the store; (3) there are no advertisements outside or in-

side the building referring to adult material; (4) there no longer is paper covering the windows on the outside of the building; (5) there are advertisements in the store that encourage the purchase of general reading material; (6) the amount of adult material was substantially reduced by the removal of approximately 1,100 adult magazines; (7) the amount of general material was increased by adding new popular magazines and books; (8) the floor space devoted to adult material was changed to an area 23 feet by 16 feet and that for nonadult was changed to an area 23 feet by 37 feet; (9) the counter and the clerks are now stationed in the general portion of the store; and (10) a physical inventory on March 6 showed that "general material is 90 percent of the store, and ... adult material is 10 percent." We are not persuaded that the court erred.

Finally, Mandan contends that:

"During the order to show cause hearings, with particular focus upon the purge hearing on March 7, 1985, the trial court abused its discretion by failing to consider all relevant factors in making its determination in the following particulars:

"1. The Court indicated that the opinions of the City officials were of doubtful benefit to its determination of the issues, the important opinion being that and only that of the court's.

"2. The Court failed to apply the factors enumerated within N.D.C.C. 40–05–17(2) as a rule of evidence to the determination of the reasons before the Court.

"3. The Court interfered with the City's attempt to inquire into all relevant factors by depriving the City of its right to complete the cross-examination of Robert Miller, Mi-Jon's store manager, and by depriving the City of an opportunity to present evidence through the testimony of the City Auditor and Assistant Chief of Police.

"4. The Court by virtue of its premature ruling upon the issue of compliance deprived the City of its opportunity to present its theory of the case through the vehicle of final argument."

We have already determined the matters with respect to the opinions of city officials and the application of § 40–05–17(2), N.D. C.C. With respect to the other two matters, the transcript reveals that while counsel for Mandan was cross-examining Robert Miller, the trial court requested that Mandan call a witness to "substantiate the City's position that the changes in this business are not sufficient or that the defendant is not in compliance," with the opportunity to continue the cross-examination of Miller later. Mandan then called the city's assessor and building inspector for examination. After Mandan completed direct examination of that witness, the court stated:

"The essence and the necessary information that this court would need to make its decision, I think, is before this court ... I am satisfied that this business is at this moment in compliance with the ordinance and is in compliance with the judgment entered previously."

The transcript reveals that Mandan did not object to the trial court deciding at that point that the business was in compliance with the ordinance and the judgment. The transcript also reveals that Mandan did not request an opportunity to continue the previously-interrupted cross-examination of Mi-Jon's witness or an opportunity to present the testimony of any additional witnesses, or an opportunity for final argument. Error, if any, that is acquiesced in, or not objected to, may not be raised on appeal as a ground upon which to reverse a judgment. Section 31–11–05 (6, 7), N.D. C.C.; *Frieh v. City of Edgeley*, 317 N.W.2d 818 (N.D.1982); *Morris v. Occident Elevator Co.*, 33 N.D. 447, 157 N.W. 486 (1916).

The judgments and order appealed from are affirmed.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.